560 So.2d 347 (1990)
STATE of Florida, Appellant,
v.
Adam G. WENGER, Appellee.
No. 89-1297.
District Court of Appeal of Florida, Fifth District.
April 26, 1990.
*348 Robert A. Butterworth, Atty. Gen., Tallahassee, and David S. Morgan, Asst. Atty. Gen., Daytona Beach, for appellant.
Donald R. West, Orlando, for appellee.
PETERSON, Judge.
The state appeals the suppression of a blood test report of a specimen taken from Adam Wenger. The specimen was taken shortly after he was brought to a hospital for treatment of injuries he received in a motor vehicle accident in which a person was killed. We affirm the order suppressing the blood test results.
Wenger's blood sample was drawn for medical treatment purposes rather than for determination of blood alcohol content pursuant to section 316.1932 or section 316.1933, Florida Statutes (1987). After hearing reports that Wenger had a strong odor of alcohol on his breath at the time of the accident, the state attorney obtained the blood test report pursuant to his subpoena powers under section 27.04, Florida Statutes (1987). Notice was not given to Wenger that the state was seeking his medical records from the hospital.
Section 395.017, Florida Statutes (1987), allows a patient's medical records to be obtained from a licensed facility such as a hospital. Subsection (3) of the statute provides that "[p]atient records shall have a privileged and confidential status and shall not be disclosed without the consent of the person to whom they pertain." Paragraph (d) of subsection (3) provides that the patient's consent is not required "[i]n any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena ... and proper notice by the party seeking such records to the patient or his legal representative." Since the state attorney failed to provide the simple notice to Wenger that his blood test results were the subject of a subpoena duces tecum, the results were obtained contrary to the privileged and confidential status given to them by the legislature and were properly suppressed.
The state suggests that the subpoena powers of its attorneys under section 27.04, Florida Statutes (1987), are paramount to the privileged and confidential status bestowed upon patients' records pursuant to section 395.017. We cannot follow that suggestion in the presence of the clear language of section 395.017(3)(d) that requires notice to be given to the patient when his records are sought by subpoena.
AFFIRMED.
COBB and GRIFFIN, JJ., concur.