639 So.2d 72 (1994)
Michael Claude HUNTER, Petitioner,
v.
STATE of Florida, Respondent.
No. 94-284.
District Court of Appeal of Florida, Fifth District.
May 20, 1994.
Rehearing Denied July 14, 1994.
Terrence E. Kehoe, Orlando, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for respondent.
THOMPSON, Judge.
Petitioner, Michael Claude Hunter, seeks a writ of certiorari to quash an order compelling production of confidential hospital patient records pursuant to a state attorney's investigative subpoena. We deny the petition because the petitioner was given notice of the hearing before the trial judge allowed the subpoena to issue and there was sufficient record evidence presented to show both a compelling state interest and that the medical records were relevant to a criminal investigation. We issue this opinion only to emphasize that the state has the obligation and the burden to present evidence to the trial judge to demonstrate that a patient's confidential hospital records are relevant to a criminal investigation before the issuance of an investigative subpoena.
*73 Hunter was involved in a two car accident on 12 August 1993. He was injured and the other driver was killed. As a result of his injuries, Hunter was taken to the Orlando Regional Medical Center (ORMC) where he was treated. Hunter has never been arrested or taken into custody for any crime arising out of this accident. On 3 November 1993, an assistant state attorney investigating the accident submitted a praecipe and subpoena duces tecum for a state attorney's investigative subpoena pursuant to Florida Statutes section 27.04,[1] to the clerk of the court. No notice of the issuance of the subpoena or its contents was given to Hunter or to his lawyer. The clerk subsequently issued the subpoena. The subpoena required ORMC to produce
any and all copies of records that depict the blood alcohol level of patient Michael Claude Hunter, white, male, DOB: 10-12-64, admitted on August 12, 1993.
In the first hearing, the state argued that they did not need to present any evidence or offer any testimony to demonstrate why the state needed the records requested pursuant to the investigative subpoena. The state argued
Getting back on track here to the root of the State Attorney investigative subpoena, it's the State's position that we don't have to ... tell anybody what we're doing. We're operating as a one man grand jury here ... we're conducting an investigation, we don't have to ... tip our hand, tell anybody what we're doing. We're not required to show any kind of probable cause or reasonableness.
Obviously, the State Attorney investigative function would be seriously impeded if we have to go in open Court and describe to everybody exactly what we're doing, who we're seeking out and what we're seeking out.
The subpoena was quashed by the trial court on 20 December 1993 after Hunter proved that the subpoena was issued before he had received notice in violation of Florida Statutes sections 395.3025(4)(d) and 455.241(2), which provide that a patient's medical records are confidential and not subject to disclosure without the patient's consent unless a subpoena is issued by "a court of competent jurisdiction and [with] proper notice by the party seeking such records to the patient or his [or her] legal representative." §§ 395.3025(4)(d), 455.241(2), Fla. Stat. (1993); see also State v. Wenger, 560 So.2d 347 (Fla. 5th DCA 1990) (holding that the statutory privilege requires the state to give a patient notice when his or her records are sought by subpoena). The state admits that no notice was given.
The state submitted a second praecipe for a subpoena to be issued and did give proper notice to Hunter. On 2 February 1994, the trial court held a hearing on Hunter's motion to quash. At this second hearing, the state adopted the argument they made at the previous hearing. The trial judge denied the motion to quash, but stayed the issuance of the subpoena until this court ruled upon the writ of certiorari.
Although it appears obvious that the state is seeking the patient records to determine if Hunter had been drinking alcohol on the day of the accident, the assistant state attorney never argued to the trial judge the relevancy of the patient records to the criminal investigation. In this case, the accident report, coupled with the fact that the other driver died as a result of this two car accident, makes the relevancy of the documents obvious. Cf. Newman v. Amente, 634 So.2d 305 (Fla. 5th DCA 1994) (plaintiffs did not show that requested patient records were relevant to their civil medical malpractice case). However, where a patient whose records are *74 being sought properly raises an objection, it is the state's burden to present evidence and argument to show the nexus between the medical records sought and a pending criminal investigation. Big Sun Healthcare Systems, Inc. v. Prescott, 582 So.2d 756, 758-759 (Fla. 5th DCA 1991) (holding that once a statutory request for medical records is served and objected to, the court must determine whether the items requested are relevant). To rule otherwise, deprives the patient of a meaningful hearing. See Doe v. State, 634 So.2d 613, 615 (Fla. 1994) (Shaw, J., dissenting) (state should be required to show in open court that the information sought is relevant, then the objecting party has an opportunity to challenge the state's showing).
As an example, the state could seek to subpoena all the medical records of a patient from all of the patient's health care providers without there being a scintilla of evidence to suggest that any of the medical records are relevant to a pending criminal investigation. Some of the records might be relevant and some might not be relevant. Without the intervention of an impartial magistrate to determine relevancy, the notice of hearing to the patient is meaningless. The court is relegated to being a rubber stamp for the state. The court must act as a shield to protect the patient's right to privacy by determining whether medical records are relevant to a pending criminal investigation. This role of the court is extremely important because personal and potentially embarrassing information contained in the medical records may be disclosed. This invasion of a patient's privacy can only occur after the court finds a compelling state interest and that the information is relevant. Florida's constitution has a very strict prohibition against government intrusion into the private lives of its citizens and, by implication, their medical records. Art. I, § 23 Fla. Const.;[2]Newman, 634 So.2d at 306-307.
We hold that the state attorney may use an investigative subpoena to compel disclosure of a patient's medical records, but the patient must first be given notice before the subpoena is issued. If the patient objects, the state has the obligation and the burden to show the relevancy of the records requested; before the subpoena for the patient's medical records is allowed to issue. We do not rule that a finding of relevancy is equivalent to a finding of probable cause. Cf. Winfield v. Division of Pari-Mutual Wagering, 477 So.2d 544, 548 (Fla. 1985); Wyche v. State, 536 So.2d 272, 275 (Fla. 3d DCA), review denied, 544 So.2d 201 (Fla. 1989). We do not suggest, nor is there a need for, a new rule to determine relevancy. Relevancy and relevant evidence have been determined by Florida courts to be "evidence tending to prove or disprove a material fact." Charles W. Ehrhardt, Florida Evidence § 90.401 (1992); see also John Henry Wigmore, Evidence § 2 (Peter Tiller ed., 3d ed. 1983); McCormick on Evidence § 185 (John William Strong ed., 3d ed. 1992).
We deny the writ and remand the case for further proceedings consistent with this opinion.
DAUKSCH and GRIFFIN, JJ., concur.
NOTES
[1] Section 27.04, "Summoning and examining witnesses for state." reads:

The state attorney shall have summoned all witnesses required on behalf of the state; and he [or she] is allowed the process of his [or her] court to summon witnesses from throughout the state to appear before him [or her] in or out of term time at such convenient places in the state attorney's judicial circuit and at such convenient times as may be designated in the summons, to testify before him [or her] as to any violation of the criminal law upon which they may be interrogated, and he [or she] is empowered to administer oaths to all witnesses summoned to testify by the process of his [or her] court or who may voluntarily appear before him [or her] to testify as to any violation or violations of the criminal law.
§ 27.04, Fla. Stat. (1993).
[2] Florida's Right to privacy provides:

Every natural person has the right to be let alone and free from governmental intrusion into his [or her] private life except as otherwise provided herein. This section shall not be construed to limit the public's right of access to public records and meetings as provided by law.
Art. I, § 23, Fla. Const.