654 So.2d 561 (1995)
Joel A. USSERY, Petitioner,
v.
STATE of Florida, Respondent.
No. 94-3388.
District Court of Appeal of Florida, Fourth District.
January 18, 1995.
*562 Richard W. Springer and Catherine Mazzullo of Springer & Springer, Palm Springs, for petitioner.
No response required for respondent.
PER CURIAM.
We deny a petition for certiorari seeking relief from an order allowing the state to obtain the defendant's medical records pursuant to an investigative subpoena.
An investigation of an automobile accident involving a vehicle driven by petitioner indicated petitioner was under the influence of alcohol. The state attorney gave notice to petitioner that it intended to subpoena the medical records of his hospitalization for injuries received in the accident, particularly the results of tests of blood taken for purposes of medical treatment. Petitioner objected, and the trial court, after conducting a hearing, authorized the subpoena.
The trial court concluded that section 27.04, Florida Statutes (1993), which gives the state the authority to summon witnesses, authorizes the state to subpoena medical records under these circumstances, so long as proper notice is given as required by section 395.3025(4), Florida Statutes (1993), which provides that medical records are confidential but obtainable by subpoena issued after notice.
In a recent case on all fours, the Fifth District concluded that the state can subpoena these medical records so long as the patient is given notice before the subpoena is issued and, if the patient objects, the state carries its burden of showing the relevance of the records to its criminal investigation. Hunter v. State, 639 So.2d 72 (Fla. 5th DCA 1994). We agree with Hunter, conclude that its requirements were met here, and therefore deny certiorari.
WARNER, POLEN and KLEIN, JJ., concur.