PER CURIAM.
The Attorney General petitions for a writ of certiorari to review an order of the circuit court requiring court approval of investigative subpoenas for Medicaid patient records involving adolescent mental health treatment. The court concluded that despite the broad power to issue investigative subpoenas regarding Medicaid fraud, the Attorney General was still required to comply with section 394.4615(2)(c), Florida Statutes (1997), and show good cause for their release. We have carefully reviewed the contentions of both parties and conclude that the circuit court’s well-reasoned opinion is correct. We adopt it as our own:[1]

FACTUAL BACKGROUND

The Florida Attorney General is authorized to conduct a statewide program of Medicaid Fraud Control[.] Fla. Stat. § 409.920 (1997). The office of the Attorney General investigates alleged instances of Medicaid fraud through the Medicaid Fraud Control Unit. As part of the Medicaid Fraud Control Program, the Attorney General has the authority to issue subpoenas for witnesses or materials throughout *468 the state of Florida. Fla. Stat. § 409.920(8)(b).
On January 15, 1999, the Fort Lauder-dale regional office of the Medicaid Fraud 'Control Unit served an investigative subpoena request No. 99-010 on the Petitioner in Palm Beach County, Florida. Petitioner is a hospital in Palm Beach County which treats Medicaid patients in its outpatient youth services mental health program. (Footnote omitted). Through its outpatient youth services mental health program, the Petitioner provides counseling and other mental health services to its patients.
The subpoena directs the Petitioner to produce general business records and medical records for twenty-five (25) patients who received treatment through Petitioner’s outpatient mental health program. Paragraphs 1 through 3 of the subpoena call for the production of business records. Petitioner has complied with paragraphs 1 through 3 of the subpoena and has produced the business records requested therein to the Respondent. Paragraph 4 of the subpoena calls for the production of any and all records related to twenty-five (25) patients. These records contain information regarding the mental health treatment services provided to these individuals. In addition, three of the patients at issue, patients 15, 16 and 20, also received treatment for substance abuse. Accordingly, the files for these three patients contain information concerning substance abuse treatment.
Petitioner advised the Respondent that its reading of the applicable Florida statutes indicated that it could not produce the mental health treatment records or the substance abuse treatment records sought in the subpoena without a court order requiring it to do so. Respondent agreed that it could not obtain the substance abuse treatment records without a court order but maintained that it was entitled to obtain the mental health treatment records sought in the subpoena without the necessity of procuring a court order for the production of same. Accordingly, the Petitioner filed the instant petition with this Court requesting clarification of its obligation to comply with Medicaid Fraud Control Unit Subpoena No. 99-010.

LEGAL ANALYSIS

Florida Statute § 409.920(8)(a) sets forth the authority of the Attorney General to examine records which may relate to the existence of fraud in the Medicaid program. That section provides as follows:
In carrying out the duties and responsibilities under this subsection, the Attorney General may: (a) Enter upon the premises of any health care provider, excluding a physician, participating in the Medicaid program to examine all accounts and records that may, in any manner, be relevant in determining the existence of fraud in the Medicaid program, to investigate alleged abuse or neglect of patients, or to investigate alleged misappropriation of patients’ private funds. A participating physician is required to make available any accounts or records that may, in any manner, be relevant in determining the existence of fraud in the Medicaid program. The accounts or records of a non-Medicaid patient may not be reviewed by, or turned over to, the Attorney General without the patient’s written consent.
§ 409.920(8)(a), Fla. Stat. (1997).
The Respondent argues that the aforementioned statute authorizes it to obtain access to mental health treatment records through the issuance of an investigative subpoena without having to obtain a court order for the release of said information. Petitioner contends that the aforementioned statute sets forth Respondent’s investigative authority in general terms but is insufficient to overcome the specific and detailed statutory provisions applicable to mental health treatment records which provide that such records may only be released pursuant to a court order.
*469 Petitioner is a hospital facility licensed under Chapter 395 of the Florida Statues [sic]. As stated earlier, the subpoena at issue seeks the production of medical records of adolescent patients, who received outpatient services treatment for mental illness. Florida Statute § 395.3025(2) specifies that the disclosure of medical records of treatment for any mental or emotional condition at a facility licensed under Chapter 395 is governed by Florida Statute § 394.4615. Florida Statute § 394.4615(1) provides that such records are confidential and are exempt from the provisions of the Florida Sunshine Law. The relevant provisions of said statute which governs the release of such records is § 394.4615(2)(c) which provides that:
The clinical records shall be released when .... (c) the court orders such release. In determining whether there is good cause for disclosure, the court shall weigh the need for the information to be disclosed against the possible harm of disclosure to the person to whom such information pertains.
§ 394.4615(2)(c), Fla. Stat. (1997).
Said statute does not contain any provision which would authorized [sic] release of the mental health treatment records at issue in response to an investigative subpoena. This Court notes that in other instances when the legislature has determined that a particular category of medical records may be obtained through the issuance of a subpoena without the need of having to secure a court order, the legislature has specifically indicated that such records may be released pursuant to a subpoena if other statutory procedural requirements, such as notice to patients, are satisfied. See Fla. Stat. § 395.3025(4)(d)(1997). The absence of such a provision in § 394.4615(2)(e) is therefore significant in analyzing the legal issues involved in this case and mitigates in favor of the Petitioner’s interpretation of the law.
An additional factor considered by the Court in determining whether the Respondent must comply with the provisions of § 394.4615(2)(c) in order to obtain access to mental health treatment records, is Respondent’s position regarding Florida Statute § 397.501(7)(a)5, which sets forth the requirements relating to the release of substance abuse records. As with the statute governing the release of mental health treatment records, § 397.501(7)(a)5 also provides that substance abuse treatment records are confidential and are not subject to the Florida Sunshine Law. Moreover, the language of § 397.501(7)(a)5 which provides for the release of substance abuse treatment records upon issuance of a court order, is strikingly similar to the provision in § 394.4615(2)(c) which specifies that mental health treatment records may not be released without a court order. Specifically, the language in § 397.501(7)(a)5 relating to substance abuse records provides that such records may be released:
Upon court order based on application showing good cause for disclosure. In determining whether there is good cause for disclosure, the court shall examine whether the public interest and the need for disclosure outweigh the potential injury to the client, to the service provider-client relationship, and the service provider itself.
§ 397.501(7)(a), Fla. Stat. (1997).
During the hearing regarding this matter, Respondent conceded that notwithstanding its authority under § 490.920(8)(b), it cannot obtain access to substance abuse treatment records without a court order. Although Respondent argued that the reason that it obtained court orders when seeking access to substance abuse treatment records is that it believes it is obligated to do so pursuant to 42 U.S.C. § 290, the fact remains that in doing so, Respondent complies with the requirements of § 397.501(7)(a)5, which similarly provides that it must obtain a court *470 order before it can gain access to substance abuse treatment records.
Respondent was unable to cite any authority to the Court which would provide a rational basis to distinguish between the applicability of the procedural requirements found in the Florida Statutes pertaining to the release of mental health treatment records and substance abuse records. Stated differently, Respondent was unable to cite any authority to justify its position that it need not obtain a court order to gain access to mental health treatment records under § 394.4615(2)(c), even though it recognizes and concedes that it abides by the identical requirement to obtain a court order for the release of substance abuse records found in § 397.501(7)(a)5.
Moreover, the principles of statutory construction favor Petitioner’s interpretation of the law. “Where two statutes operate on the same subject without positive inconsistency or repugnancy, courts must construe them so as to preserve the force of both without destroying their evident intent, if possible.” Mann v. The Goodyear Tire and Rubber Co., 300 So.2d 666, 667 (Fla.1974). Thus, the court must attempt to construe § 409.920(8)(a), which sets forth the Attorney General’s authority to review records in connection with its investigation of Medicaid fraud, and § 394.4615(2)(c), which explains the procedural protections applicable to mental health records, in a fashion that will preserve the force and the effect of each. In doing the so [sic], the Court believes that it is important to consider another principle of statutory construction which provides that “a specific statute covering a particular subject area controls over a statute covering the same and other subjects in more general terms.... The more specific statute is considered to be an exception to the general terms of the more general statute.” C.S. and J.S. v. S.H. and K.H., 671 So.2d 260, 269 (Fla. 4th DCA 1996). Applying the aforesaid principles to the instant case, the Court finds that § 409.920(8)(a) sets forth in general terms the Attorney General’s authority to gather evidence in Medicaid fraud investigations, whereas § 394.4615(2)(c) specifically relates to the precise procedures applicable to the release of mental health treatment records.
Such an interpretation is in conformity with the general case law regarding the ability of law enforcement officials to obtain access to medical records. The case law in Florida indicates that state law enforcement officials may not obtain medical records for an investigation or a proceeding unless they comply with the procedural safeguards applicable to the medical records at issue. State v. Rutherford, 707 So.2d 1129 (Fla. 4th DCA 1997); Ussery v. State, 654 So.2d 561 (Fla. 4th DCA 1995); and Hunter v. State, 639 So.2d 72 (Fla. 5th DCA 1994). All of these cases stress that a patient’s medical records are protected under Florida’s right to privacy found under Art. I, § 23, Fla. Const. Thus, courts must protect a patient’s right to privacy by ensuring that the State does not obtain access to a patient’s medical records unless it has complied with the procedural requirements applicable to the release of those medical records.
Having found that the State must comply with the requirements of § 394.4615(2)(c) in order to obtain access to mental health treatment records, the Court now turns to whether the Respondent has shown good cause for the issuance of a court order directing the release of mental health treatment records under said statute as well as the release of substance abuse treatment records under § 397.501(7)(a)5. During the course of the hearing, the Respondent explained the general nature of the instant investigation as well as its reasons for requesting release of the records at issue in furtherance of the investigation. After reviewing the matter and considering Respondent’s reasons for requesting access to the relevant records, the Court finds that Respondent has shown good cause for the release of the medical *471 records requested in Paragraph 4 of the investigative subpoena.
[[Image here]]
In its petition to this court, the Attorney General relies most strongly on Pedroso v. State, 450 So.2d 902, 904 (Fla. 3d DCA 1984), which held that under former section 409.2664 (the predecessor to § 409.920) the Auditor General was not required to obtain written patient authorization to access the medicaid patient’s medical records. In that case, the Auditor General obtained a court issued subpoena directing that the records be turned over, yet the records custodian of the treatment facility involved refused to comply because there was no written patient authorization. However, in the instant case, written patient authorization is not the issue, and section 394.4615 contains a judicial by-pass to patient authorization. Thus, the patient cannot block the investigative subpoena by the Attorney General.
Moreover, by its interpretation harmonizing the two statutes involved in this case, the circuit court has balanced privacy interests with the compelling need of the state to investigate medicaid fraud. There is no argument made in this petition that the “good cause” showing before the court must be made in an adversarial setting, nor that notice even be given to the patient prior to release of the records. Nevertheless, in order to respect privacy rights of patients, the legislature intended that sensitive records regarding mental health treatment require at least a court to find good cause to release them. If the legislature did not intend for the Attorney General to obtain such approval of the release of such records, it certainly could have said so.
The petition for certiorari is denied.
WARNER, C.J., DELL and FARMER, JJ., concur.

. The reader should be alerted that in the trial court’s opinion, the petitioner is "X Hospital” and the respondent is the Attorney General.