PER CURIAM.

On Petition For Writ of Certiorari

We grant the petition for writ of certiorari and quash the portion of the order on defendant’s motion to quash the subpoena duces tecum that orders the Baptist Hospital Records Custodian to produce for the state’s inspection blood samples drawn from defendant. The state correctly argues that it can subpoena “medical records so long as the patient is given notice before the subpoena is issued and, if the patient objects, the state carries its burden of showing the relevance of the records to its criminal investigation.” Ussery v. State, 654 So.2d 561, 561 (Fla. *1147 4th DCA 1995). However, the state has not met its burden of demonstrating that the blood samples are records, as contemplated by section 395.3025(4)(d), Florida Statutes (2000), or that the actual blood samples are the least intrusive means of satisfying its interest in the information. The state has the toxicology reports on the blood available under the subpoena.
We are unpersuaded by the state’s argument that section 316.1933, Florida Statutes, permitting an officer to use reasonable force to compel submission by a driver to a blood test, requires the records custodian to release a blood sample to the state in this case. The statute is inapplicable to this scenario.
Based on the foregoing, we grant certio-rari and quash that portion of the subpoena that orders the records custodian to produce the defendant’s blood samples.
Certiorari granted in part, denied in part; order quashed in part.