819 So.2d 227 (2002)
STATE of Florida, Appellant,
v.
David CASHNER, Appellee.
No. 4D01-2335.
District Court of Appeal of Florida, Fourth District.
June 5, 2002.
*228 Robert Butterworth, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellant.
Samuel S. Fields of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for appellee.
STONE, J.
We affirm an order granting Cashner's motion to suppress based on the state's failure to give proper notice of its intention to issue two subpoenas duces tecum for Cashner's medical records pursuant to section 395.3025(4)(d), Florida Statutes (2000).
The facts are undisputed. Before the state filed charges against Cashner for insurance fraud, the assistant state attorney issued two notices for the issuance of subpoenas for his medical records and those notices were served upon Cashner by a state investigator. Having received notice of the state's intention to subpoena his medical records, Cashner sought to object to the subpoenas; however, he was unable to identify the assistant state attorney seeking the records. The responsible attorney's name, Florida Bar number, room number, or even telephone number where she or he could be reached, were not typed or printed on the notices. There was a signature, but it was illegible.
Because the state had not yet filed charges, Cashner did not have a case number he could use to ensure his written objections would reach the appropriate destination. Cashner's attorney even called the investigator who served the notices, but the investigator refused to speak to him unless Cashner was brought in for an interview. Cashner's attorney, nevertheless, served his written objections to the subpoenas upon the clerk of the court and the office of the state attorney. Because the state attorney's office could not discern who had issued the notice, the assistant state attorney assigned to the case did not receive Cashner's objections and issued the subpoenas. Based on the information contained in the medical records released by Cashner's doctors, the state filed one count of insurance fraud against Cashner and he was arrested.
*229 The state contends that it did not violate section 395.3025(4)(d) because it did, in fact, give notice to Cashner. Section 395.3025(4)(d), Florida Statutes, reads:
(4) Patient records are confidential and must not be disclosed without the consent of the person to whom they pertain, but appropriate disclosure may be made without such consent to:
* * *
(d) In any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice by the party seeking such records to the patient or his or her legal representative.
Id. (emphasis added).
"Section 395.3025 is a legislative attempt to balance a patient's privacy rights against legitimate access to medical records." State v. Johnson, 814 So.2d 390 (Fla.2002). If, upon notice of the state attorney's intent to compel disclosure of the patient's medical records, the patient objects, the state has the burden and obligation of demonstrating the relevancy of the records requested before it may issue the subpoena. State v. Rutherford, 707 So.2d 1129, 1131 (Fla. 4th DCA 1997)(en banc). As the compelled disclosure of a patient's medical records encroaches upon a patient's right to privacy, the state must demonstrate it has a compelling interest in the information contained in those records. Id.
The state does not dispute that the notices were defective. Nor does it dispute that, as a result of its actions, the subpoenas were issued without the evidentiary hearing required under Hunter v. State, 639 So.2d 72 (Fla. 5th DCA 1994), and adopted by this court in Ussery v. State, 654 So.2d 561 (Fla. 4th DCA 1995).
At the suppression hearing, the trial court emphasized the seriousness of the assistant state attorney's error in failing to provide contact information and asked the prosecutor, "is that fair in the interest of due process and the way our system is designed to be set up and operate? ... Is that fair play and honest dealing with the Defendant?" To this, the prosecutor replied, "I can't stand here and say that it is." The court went on to say that it found the state's actions "inappropriate" and suggested to the prosecutor that the entire office of the state attorney "take a look at the way these subpoenas are issued without court intervention or court knowledge so that this doesn't occur in the future."
In suppressing the evidence, the court recognized that Cashner had made a timely objection and found that the state "failed to adequately provide notice to Defendant or counsel as required by Florida Statute 395.3025(4)(d)." The court also found that the state had obtained the records by circumventing its burden to demonstrate their relevancy.
We conclude that the trial court did not err in finding that the notice was so flawed that it effectively constituted no notice at all. The state's conduct in issuing the defective notice left Cashner with no means for voicing his legitimate and timely objections which would have forced the state to demonstrate the relevancy of the information it sought. By depriving Cashner of the opportunity to object, the state successfully obtained the medical records it needed to prosecute him and, in the process, violated his right to privacy. See Rutherford, 707 So.2d at 1131-32.
We have considered the applicability of the recent supreme court opinion recognizing that a violation of 395.3025(4)(d), in and of itself, would not mandate the exclusion of evidence where the state has demonstrated good faith. Johnson, 814 So.2d *230 390 (disapproving Rutherford to the extent that it would apply the exclusionary rule any time the state failed to comply with the statute, regardless of the state's good faith efforts to comply). In Johnson, the state issued a subpoena for Johnson's medical records after making several unsuccessful attempts to locate and serve her. The court detailed the efforts made by the state's investigator, who went to the hospital where Johnson had been taken after a car accident, only to find she had already been discharged. He then checked the database for her last known address and when he arrived, found she had moved. There, he talked to Johnson's former neighbor who told him she had moved to another city. The investigator traveled to that city and contacted that city's police department. Finally, he unsuccessfully tried to contact Johnson's mother. It was later shown that had the investigator checked with the state driver's license bureau or the post office, he could have obtained Johnson's correct address. Id. Nevertheless, the supreme court determined that the state had demonstrated good faith in its repeated attempts to meet the statutory requirements and "the fact that some of the effort was misdirected is not dispositive and should not result in a per se rule that prohibits future compliance." Id. Thus, the state was not precluded from subpoenaing Johnson's records.
Although in this case the state did provide notice, it prevented Cashner from objecting to the proposed subpoena by failing to include essential contact information in its notice. This substantial omission was further compounded by the conduct of the state's investigator who willfully refused to disclose that information. The state made no effort whatsoever to provide Cashner with an opportunity to act on this notice. In fact, on the notice form, there were lines specifically designated for the attorney's name, room number, and phone number, which were left blank. We cannot allow a person's fundamental right to privacy to be set aside to accommodate the lack of attention demonstrated by the state in this case. The trial court recognized this, in effect concluding, without using the precise terms, that the state's actions did not amount to a good faith effort to provide proper and meaningful notice. Indeed, the state offers no excuse for its failure to include basic identifying information in its notice or for the improper response of its investigator.
As the trial court's suppression of the evidence is supported by competent, substantial evidence, we affirm.
GUNTHER and GROSS, JJ., concur.