DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**YERAL ANDALIA RODRIGUEZ,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D20-2010

[December 2, 2020]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Timothy L. Bailey, Judge; L.T. Case No. 20-6214CF10A.

Michael Garcia Petit of the Law Office of Michael Garcia Petit, P.A., Miami Lakes, for petitioner.

Ashley Moody, Attorney General, Tallahassee, and Melynda L. Melear, Senior Assistant Attorney General, West Palm Beach, for respondent.

WARNER, J.

Yeral Andalia Rodriguez – the defendant in a pending vehicular homicide case – petitions for certiorari review from orders allowing the State to subpoena defendant's hospital and paramedic records from the date of the incident from which his charges arose. Because there was no reasonable founded suspicion that the records would contain information relevant to the pending charges or an ongoing criminal investigation, we grant the petition.

On the date of the crash in October 2018, defendant was allegedly driving at a high rate of speed (approximately 78 mph) alongside another speeding vehicle. Defendant's vehicle crossed over the concrete median into oncoming traffic. He struck two other vehicles resulting in the death of defendant's seventeen-year-old passenger and serious bodily injury to the driver of one of the other vehicles.

The crash report shows that paramedics transported defendant to the hospital for a non-life-threatening head injury. The report does not

mention that defendant was under the influence of alcohol or drugs at the time or that he made any statements to medical personnel. A detective attempted to get a statement from defendant at the hospital about how the crash occurred, and he declined. The detective did not document any signs of impairment and did not ask defendant to submit to blood testing under section 316.1933, Florida Statutes (2018).

Defendant, however, signed a consent to search his car. The search produced no evidence that defendant was under the influence of drugs or alcohol.

The detective took statements from witnesses to the accident, and no one observed anything to lead them to believe that defendant was under the influence of alcohol or drugs. Two witnesses at the scene described defendant as "dazed" and in shock. Neither reported smelling any alcohol.

The probable cause affidavit that the detective prepared in May 2020 did not allege that defendant was under the influence of drugs or alcohol and made no mention of any statements made by defendant as to how the accident happened. The affidavit found probable cause that defendant drove recklessly (78 mph in a 40-mph zone).

In July 2020, the State filed an information charging defendant with vehicular homicide, reckless driving causing serious bodily injury, and four counts of reckless driving causing property damage. The information does not allege that defendant was under the influence of drugs or alcohol.

The State served notice that it intended to subpoena defendant's hospital and paramedic records, seeking to discover whether defendant had made any statements regarding the crash as well as to obtain the results of any blood and urine tests. Defendant objected. The State then filed its motion asking the court to allow the subpoenas to issue. The State alleged that the records were "relevant to the State's investigation in this case to determine if the defendant made any statements to medical personnel as to how the crash occurred and what if anything happened just prior to the crash." The State argued that it had met "the low burden of proving relevancy." However, the subpoenas did not expressly ask for records containing defendant's statements and sought all records – particularly, any records of drug/alcohol testing.

At a hearing on the State's motion, the State presented no evidence suggesting that defendant was impaired in any way or that he made any statements to medical personnel about how the crash happened. The court granted the motion, stating that, because defendant was operating

2

his vehicle in a reckless manner and allegedly made no attempt to stop before the crash, his blood and urine tests were relevant. Defendant timely filed this petition.

The State concedes that a petition for writ of certiorari is available to seek review of an order allowing the State to subpoena a defendant's protected medical records. *See, e.g., Ussery v. State*, 654 So. 2d 561, 562 (Fla. 4th DCA 1995). As observed in *Gomillion v. State*, 267 So. 3d 502, 506 (Fla. 2d DCA 2019), medical records are protected by the right of privacy in Article I, Section 23, of the Florida Constitution.

Various statutes protect the confidentiality of medical records. *See* §§ 456.057(7); 395.3025(4); 401.30(4), Fla. Stat. (2018). Each of those statutes permits the release of such records where a court authorizes the issuance of a subpoena, but the State has a burden to show that there is a compelling state interest in the production of constitutionally-protected records. *See Hunter v. State*, 639 So. 2d 72, 74 (Fla. 5th DCA 1994).

For the State to obtain such records, it must first give notice to the patient. If the patient objects to disclosure, then the State must establish the relevancy of the records. *Hunter*, 639 So. 2d at 74. Because the records are protected by a constitutional right to privacy, the State must show that there is a compelling state interest to produce the records. *Gomillion*, 267 So. 3d at 506; *Guardado v. State*, 61 So. 3d 1210 (Fla. 4th DCA 2011); *see also Shaktman v. State*, 553 So. 2d 148, 152 (Fla. 1989) (involving law enforcement's use of a pen register device on telephone lines and finding "a legitimate, ongoing criminal investigation satisfies the compelling state interest test when it demonstrates a clear connection between the illegal activity and the person whose privacy would be invaded."). The State must demonstrate a reasonable founded suspicion that the medical records contain information relevant to an ongoing criminal investigation. *State v. Johnson*, 814 So. 2d 390, 393 (Fla. 2002); *Gomillion*, 267 So. 3d at 507; *State v. Rivers*, 787 So. 2d 952, 953 (Fla. 2d DCA 2001).

In *Gomillion*, a case similar to this one, the defendant fled the scene of a vehicular accident involving serious injuries. He was charged with careless driving, leaving the scene of an accident, and driving with a suspended license. The State sought to subpoena toxicology and other medical records, and the defense objected. The trial court overruled the objection, authorizing the subpoena. As to the toxicology records, the trial court justified its order based upon the possible relevance of those records for impeachment should the defendant choose to testify. 267 So. 3d at 505.

The Second District granted the petition for certiorari and quashed this part of the order. It noted that the State did not present any evidence that there was an issue in an ongoing investigation for which the toxicology records were material. The State did not offer evidence that the records were relevant to any element of the pending charges or a defense to those charges. *Id.* at 507-08. The court also found that, with respect to impeachment, the State must present a reasonable theory to show that the toxicology records would produce relevant evidence. The State had failed to do so.

Similarly, in the present case, we conclude that the State has not met its burden of demonstrating a reasonable founded suspicion that the medical records have any information relevant to the pending charges or any ongoing criminal investigation. Defendant was charged with vehicular homicide and reckless driving, not DUI. Neither the accident report, the search of defendant's vehicle, nor the statements of any witness proved any reasonable suspicion that defendant was under the influence of alcohol or drugs.

The court authorized the subpoenas on the grounds that, because the probable cause affidavit had sufficient evidence that defendant was operating his vehicle in a reckless manner – going almost twice the speed limit and making no attempt to slow down prior to impact, the blood and urine tests would be relevant to the question of carelessness. We disagree that every reckless driving incident creates a compelling state interest to obtain toxicology records. There must be some reasonable founded suspicion that alcohol or drugs were involved, such as someone smelling alcohol, drug or alcohol containers in the vehicle, or statements or evidence which might suggest drug use or alcohol intoxication. Here, there is nothing to suggest any alcohol or drug involvement. There is merely a bare suspicion, not a reasonable founded suspicion.

As we said in *Guardado,* "the State's theory, 'a crash plus a death always makes medical blood relevant,' is not the law." 61 So. 3d at 1214. The trial court departed from the essential requirements of the law by authorizing the subpoenas under these circumstances. Accordingly, the petition for writ of certiorari is granted, and the orders are quashed.

*Petition granted.*

DAMOORGIAN and KLINGENSMITH, JJ., concur.

*       *       *

*Not final until disposition of timely filed motion for rehearing.*