IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

RHONDA WALTERS, BRITTANY POSEY,
AND B.W., A MINOR,

     Petitioner,

 v.

Case No. 5D22-2462
LT Case No. UNKNOWN

STATE OF FLORIDA,

     Respondent.

_____/

Opinion filed May 19, 2023

Petition for Writ of Prohibition,
Lisa D. Herndon, Respondent Judge.

Laura K. Hargrove, of Gause &
Hargrove, PLLC, Tavares, for
Petitioner.

Ashley Moody, Attorney General,
Tallahassee, and Alyssa Marie
Williams, Assistant Attorney
General, Daytona Beach, for
Respondent.

PER CURIAM.

Rhonda Walters, Brittany Posey, and B.W., a minor, seek a writ of prohibition prohibiting the circuit court from holding a hearing on whether the State may compel production of Petitioners' medical records pursuant to section 395.3025, Florida Statutes (2022), under the circumstances involved here. Petitioners argue that the State has not properly invoked the circuit court's procedural jurisdiction because the State has not commenced any action with the court regarding obtaining these medical records. We agree and grant the writ without prejudice to the State to properly invoke the circuit court's procedural jurisdiction.

Generally speaking, the State has the authority to summon witnesses and obtain documents utilizing subpoenas during an investigation pursuant to section 27.04, Florida Statutes (2022). However, when the State seeks a subpoena for medical records, patient privacy rights are implicated, and the State must comply with section 395.3025, which provides:

> (4) Patient records are confidential and must not be disclosed without the consent of the patient or his or her legal representative, but appropriate disclosure may be made without such consent to:
>
> (d) In any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice by the party seeking such records to the patient or his or her legal representative.

§ 395.3025, Fla. Stat. (2022).

The interplay between these two statutes and an individual's constitutional right to privacy was addressed by this Court in *Hunter v. State*, 639 So. 2d 72 (Fla. 5th DCA 1994). In *Hunter*, the assistant state attorney submitted a praecipe to the clerk of court for issuance of an investigative subpoena duces tecum pursuant to section 27.04 seeking production of Hunter's hospital records following an auto accident. *Id*. at 73. Hunter received no notice of the issuance of the subpoena or its contents. *Id*. At the first hearing regarding Hunter's motion to quash the subpoena, the State argued that it did not need to present any evidence or offer any testimony to demonstrate why the State needed the records requested in the investigative subpoena. *Id*. The subpoena was quashed after Hunter proved that the subpoena was issued before he received notice of it. *Id*.

The State submitted a second praecipe for a subpoena and gave Hunter proper notice. *Id*. The trial court held a second hearing on Hunter's motion to quash, and the State maintained that it did not have to present any evidence as to why it needed the requested records. *Id*. The trial judge denied the motion to quash. *Id*.

Hunter sought review and this Court "emphasize[d] that the state has the obligation and the burden to present evidence to the trial judge to demonstrate that a patient's confidential hospital records are relevant to a

3

criminal investigation before the issuance of an investigative subpoena." *Id.* at 72. However, this Court upheld the trial court's ruling despite the state attorney's argument (or lack thereof) at the hearing, because "there was sufficient record evidence presented to show both a compelling state interest and that the medical records were relevant to a criminal investigation." *Id.* This Court ultimately held:

> [T]he . . . state attorney may use an investigative subpoena to compel disclosure of a patient's medical records, but the patient must first be given notice before the subpoena is issued. If the patient objects, the state has the obligation and the burden to show the relevancy of the records requested; before the subpoena for the patient's medical records is allowed to issue.

*Id.* at 74. The Florida Supreme Court has also provided guidance on the State's ability to access medical records through its investigative powers:

> Section 395.3025 is a legislative attempt to balance a patient's privacy rights against legitimate access to medical records. The provision begins with a recognition of the confidential nature of medical records, and subsection (4)(d) provides that before the records can be made available in any civil or criminal action, the patient must be put on notice and a subpoena must issue from a court of competent jurisdiction. The obvious purpose behind the notification requirement is to permit the patient to assert any legal objections he or she may have to the subpoena before the records are produced. . . . Based on the clear language of the statute, we hold that the state attorney's subpoena power under section 27.04, Florida Statutes (1997), cannot

4

override the notice requirement of section 395.3025(4)(d).

*State v. Johnson*, 814 So. 2d 390, 393 (Fla. 2002).

Thus, while it is clear based on this Court's holding in *Hunter* and the Florida Supreme Court's holding in *Johnson* that the State may use its investigative subpoena powers to obtain medical records, these powers do not allow the State to circumvent the requirements outlined in section 395.3025(4)(d).

Furthermore, in the case under consideration, the State has not filed a civil or criminal case or judicial action of any type. Indeed, from the record before the Court, the State has not filed any motion or pleading with the lower court. The State did give Petitioners notice that it would seek to obtain their medical records via subpoena and when advised of Petitioners' objections, the State made the request of a circuit judge's assistant to schedule and conduct a hearing. When Petitioners' counsel inquired of the judge's assistant, it was confirmed that there was no case number which could be referenced as no case had been filed. The judicial assistant discussed available hearing times with counsel for Petitioners and the State. The petition for writ of prohibition was filed before a hearing took place.

We agree with Petitioners' argument that the State has not invoked the procedural jurisdiction of the circuit court as the State has not attempted to

5

commence any civil or criminal action by making any type of filing with the court, such as a motion to compel issuance of the subpoena to obtain Petitioners' medical records, despite being notified of their objections. It does not appear that the State even filed the proposed subpoenas. *See U.S. Bank Nat'l Ass'n v. Anthony-Irish*, 204 So. 3d 57, 60 (Fla. 5th DCA 2016) ("If a court enters an order prior to the filing of proper pleadings, the court is said to lack jurisdiction."). Thus, there is nothing before the circuit court at this time for it to consider. We grant the writ without prejudice to the State filing an action or an appropriate written motion seeking issuance of the desired investigative subpoenas with the clerk of the court to assign a case number and judge or division as is done in the normal course of proceedings. A hearing can then be scheduled during which evidence, together with the parties' positions, objections, and arguments, may be presented to the court for its consideration and ruling.[1]

PETITION GRANTED.

WALLIS, EDWARDS and HARRIS, JJ., concur.

---

[1] *See McKnight v. State*, 335 So. 3d 190 (Fla. 5th DCA 2022).