DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

KYLE MATTHEW HILL,

Petitioner,

v.

STATE OF FLORIDA,

Respondent.

No. 2D2025-1955

_____

March 18, 2026

Petition for Writ of Certiorari to the Circuit Court for Pinellas County;
Christopher M. LaBruzzo, Judge.

Sara Mollo, Public Defender, and Jonathan Saunders and Julia Seifer-
Smith, Assistant Public Defenders, Clearwater, for Petitioner.

James Uthmeier, Attorney General, Tallahassee, and Tayna Alexander,
Assistant Attorney General, Tampa, for Respondent.

LaROSE, Judge.

Kyle Matthew Hill petitions for a writ of certiorari. He implores us
to quash the trial court's order permitting the State to subpoena his
medical records. We deny his petition.

**Background**

The State indicted Mr. Hill for first-degree murder, attempted first-degree murder, DUI manslaughter, and DUI with serious bodily injury. The State seeks the death penalty.

Allegedly, Mr. Hill purposefully sideswiped another vehicle, causing it to leave the roadway and crash into a pole. The collision injured the driver and killed her passenger.

Police suspected that Mr. Hill was driving under the influence of alcohol. They directed emergency medical services (EMS) personnel to conduct a blood draw. EMS personnel then took Mr. Hill to the hospital where staff performed another blood draw.

Shortly after the indictment issued, the State subpoenaed EMS and the hospital for Mr. Hill's medical records, including the blood draw results. Mr. Hill objected.

Pertinent to our analysis, Mr. Hill was also injured in the crash. Supposedly, he sustained a traumatic brain injury. His counsel reported that Mr. Hill had no recollection of the crash and could not assist in his defense. Counsel maintained that Mr. Hill was incompetent to proceed. *See generally* § 916.12(1), Fla. Stat. (2025) ("A defendant is incompetent to proceed . . . if the defendant does not have sufficient present ability to consult with her or his lawyer with a reasonable degree of rational understanding or if the defendant has no rational, as well as factual, understanding of the proceedings against her or him.").

The trial court conducted a hearing on Mr. Hill's objection. The trial court heard argument about the relevancy of the medical records. *See Hunter v. State*, 639 So. 2d 72, 74 (Fla. 5th DCA 1994) ("We hold that the state attorney may use an investigative subpoena to compel disclosure of a patient's medical records, but the patient must first be given notice before the subpoena is issued. If the patient objects, the

[S]tate has the obligation and the burden to show the relevancy of the records requested; before the subpoena for the patient's medical records is allowed to issue."). The trial court overruled Mr. Hill's objections and ordered the subpoenas to issue.

## Discussion

Mr. Hill maintains that in two respects the trial court's order demands certiorari relief.

First, when the trial court issued the order, Mr. Hill's competency was in doubt. A defendant "who is mentally incompetent to proceed at any material stage of a criminal proceeding must not be proceeded against while incompetent." Fla. R. Crim. P. 3.210(a). Mr. Hill tells us that a confidential defense expert found him incompetent. Consequently, he maintains, the trial court should have "stay[ed] issuance of the subpoenas at this material stage until the issue of competency was adjudicated."

Second, he claims that the State failed to show a nexus between the medical records and some material issue in the case. He likens the subpoenas to a "fishing expedition." *See Walter v. Page*, 638 So. 2d 1030, 1031 (Fla. 2d DCA 1994) ("The subpoena duces tecum . . . should not be used as a fishing expedition to require a witness to produce broad categories of [confidential records] which the party can search to find what may be wanted.").

Certiorari is an extraordinary remedy, granted rarely. *See Am. Prime Title Servs., LLC v. Wang*, 317 So. 3d 1183, 1186 (Fla. 3d DCA 2021) (" '[C]ertiorari relief is an "extremely rare" remedy that will be provided in "very few" ' . . . cases." (quoting *Bd. of Trs. of Internal Improvement Tr. Fund v. Am. Educ. Enters.*, LLC, 99 So. 3d 450, 455 (Fla. 2012))). The petitioner must "demonstrate that the contested order

3

constitutes '(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case[,] (3) that cannot be corrected on postjudgment appeal.' " *Hett v. Barron-Lunde*, 290 So. 3d 565, 569 (Fla. 2d DCA 2020) (alteration in original) (quoting *Bd. of Trs. of Internal Improvement Tr. Fund*, 99 So. 3d at 454).

"The second and third elements are jurisdictional, and this court must first analyze the jurisdictional elements before it can consider whether the lower tribunal departed from the essential requirements of law. If the petitioner fails to satisfy the jurisdictional elements, this court dismisses the petition rather than denying it." *Plantz v. John*, 170 So. 3d 822, 824 (Fla. 2d DCA 2015) (citation omitted); *see also Foster v. State*, 326 So. 3d 1192, 1196 (Fla. 1st DCA 2021) ("The rule of law is clear: district courts must first analyze the 'threshold jurisdictional' requirement of irreparable harm, and if it is not met, then the inquiry must end there.").

Mr. Hill satisfies the jurisdictional requirements. *See Gomillion v. State*, 267 So. 3d 502, 506 (Fla. 2d DCA 2019) ("Mr. Gomillion asserts a privacy interest under article I, section 23 of the Florida Constitution in the toxicology records the State seeks to subpoena. If the trial court's order allowing the disclosure of those records in fact departs from the essential requirements of law, Mr. Gomillion will have sustained an immediate injury (the impairment of his legally-recognized privacy interest) that a postjudgment appeal cannot remedy (an appeal cannot fix the violation of his privacy rights occasioned by the disclosure). Our certiorari jurisdiction is thus properly invoked in this case."); *Paylan v. Fitzgerald*, 223 So. 3d 431, 434 (Fla. 2d DCA 2017) ("Orders that require disclosure of confidential medical information meet the irreparable harm requirement for certiorari review because once such information is

4

improperly disclosed, the harm caused by that disclosure cannot be undone.").

Accordingly, our ensuing analysis focuses on whether the trial court's order departs from the essential requirements of law.

> [T]he departure from the essential requirements of the law necessary for the issuance of a writ of certiorari is something more than a simple legal error. A district court should exercise its discretion to grant certiorari review *only* when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.

*Allstate Ins. v. Kaklamanos*, 843 So. 2d 885, 889 (Fla. 2003).

## I. Competency to Proceed at a Material Stage of a Criminal Proceeding

The State may not proceed against a criminal defendant who has been deemed incompetent. *See Dougherty v. State*, 149 So. 3d 672, 676 (Fla. 2014) ("[I]t is well-settled that a criminal prosecution may not move forward at any material stage of a criminal proceeding against a defendant who is incompetent to proceed." (quoting *McCray v. State*, 71 So. 3d 848, 862 (Fla. 2011))).

To that end, the Florida Statutes and Florida Rules of Criminal Procedure set safeguards to avoid such a result. *See* § 916.12; Fla. R. Crim. P. 3.210-.212. These protections extend not only to trial, but to additional, ancillary proceedings. For example, under rule 3.210(a), "[a] person accused of an offense . . . who is mentally incompetent to proceed *at any material stage* of a criminal proceeding must not be proceeded against while incompetent." Fla. R. Crim. P. 3.210(a) (emphasis added).

Rule 3.210(a)(1) sets forth the "material stage[s] of a criminal proceeding":

> the trial of the case, pretrial hearings involving questions of fact on which the defendant might be expected to testify, entry of a plea, violation of probation or violation of

5

community control proceedings, sentencing, hearings on issues regarding a defendant's failure to comply with court orders or conditions, or other matters where the mental competence of the defendant is necessary for a just resolution of the issues being considered.

With that background, we address Mr. Hill's arguments.

**(a) Not Yet Incompetent**

The trial court has not yet adjudicated Mr. Hill incompetent. Surely, a single evaluation from his confidential expert is not enough. Otherwise, it would render irrelevant the requirements outlined in the statute and rules governing how a competency determination is made. *See* § 916.12(2)-(4); Fla. R. Crim. P. 3.211, .212.

Consequently, because Mr. Hill has not been adjudicated incompetent, rule 3.210(a) does not bar the conduct of any material stage in his criminal proceeding.

**(b) Not a Material Stage**

The hearing concerning Mr. Hill's medical records was not a material stage of the criminal proceedings. Unquestionably, the hearing was not a trial, pretrial hearing involving questions of fact on which the defendant might be expected to testify, plea hearing, probation violation hearing, or a hearing in which Mr. Hill's mental competency was necessary for a just resolution. *See* Fla. R. Crim. P. 3.210(a)(1). Rather, the hearing involved a discovery dispute.[1] It did not require Mr. Hill's

---

[1] We do not mean to denigrate an individual's right to privacy in his medical records. *See State v. Johnson*, 814 So. 2d 390, 393 (Fla. 2002) ("A patient's medical records enjoy a confidential status by virtue of the right to privacy contained in [article 1, section 23 of] the Florida Constitution."); *see also Barker v. Barker*, 909 So. 2d 333, 337 (Fla. 2d DCA 2005) ("Court orders compelling discovery of personal medical records constitute state action that may impinge on the constitutional right to privacy.").

participation to reach a just resolution of the issues being considered. In fact, defense counsel waived Mr. Hill's presence at the hearing, thereby undermining Mr. Hill's position.

## II. The Nexus

We dispatch quickly Mr. Hill's argument that the State failed to show a nexus between the medical records and a material issue in his case.

We acknowledge that an individual's privacy right in his medical records is guarded fiercely. Yet, the State may encroach on that right in the context of a criminal investigation. Of course, the "invasion of a patient's privacy can only occur after the court finds a compelling state interest and that the information is relevant." *Hunter*, 639 So. 2d at 74. We have explained that

> cases where medical records are alleged to be relevant to a substantive issue . . . dictate that the State must at a minimum establish a nexus between the records and the ongoing criminal litigation by identifying a reasonable theory of [the case] and presenting evidence that makes it reasonable to expect that the records will produce evidence that supports the theory.

*Gomillion*, 267 So. 3d at 508-09.

The State presented a compelling need for the records. The State posits that Mr. Hill was intoxicated when the crash occurred. Indeed, the complaint/arrest affidavit states that Mr. Hill

> did drive or [was] in actual physical control of a vehicle while under the influence of alcoholic beverages or any chemical substances . . . or any [controlled] substance . . . to the extent his normal faculties were impaired or had a [BAC] of 0.08 percent or higher and as a result of [his] operation of the vehicle [he] did cause . . . great bodily harm to another person thereby inflicting mortal wounds.

Those same documents detail the manner in which the crash occurred. Allegedly, Mr. Hill was speeding while driving in the middle lane, and he "failed to maintain his lane and crashed his passenger side into the" victims' vehicle, "causing the [victims' vehicle]" to leave the roadway and crash into a pole." Even EMS personnel reported that Mr. Hill's blood alcohol concentration was more than twice the legal limit. *See* § 316.193(1)(b), Fla. Stat. (2025) ("A person is guilty of the offense of driving under the influence . . . if the person is driving or in actual physical control of a vehicle . . . and . . . [t]he person has a blood-alcohol level of 0.08 or more grams of alcohol per 100 milliliters of blood . . . .").

Thus, the charging documents indicate that Mr. Hill's medical records will provide evidence of intoxication.

Mr. Hill contends that the State's quantum of evidence was insufficient to support issuance of the subpoenas. He laments that "[t]he State advanced a brief argument, and presented no evidence . . . other than the arrest affidavits." We are unpersuaded.

After all, "[w]hen the State seeks a subpoena for medical records, the court can rely on the State's argument and the accident report or probable cause affidavit to establish relevance." *State v. Tavenese*, 321 So. 3d 252, 255 (Fla. 4th DCA 2021) (alteration in original) (quoting *Guardado v. State*, 61 So. 3d 1210, 1213 (Fla. 4th DCA 2011)); *see also Leka v. State*, 283 So. 3d 853, 859 (Fla. 2d DCA 2019) ("In considering the request for a subpoena for medical records, 'the court can rely on the State's argument and the accident report or probable cause affidavit to establish relevance.' " (quoting *Guardado*, 61 So. 3d at 1213)); *McAlevy v. State*, 947 So. 2d 525, 530 (Fla. 4th DCA 2006) (holding that, in determining whether the State has shown a nexus between the medical records and a pending criminal investigation, the trial court could "rely

8

upon the [S]tate's argument and the probable cause affidavit").  The State established the necessary nexus.

## Conclusion

We deny Mr. Hill's petition for certiorari.

Denied.

NORTHCUTT and SLEET, JJ., Concur.

_____

Opinion subject to revision prior to official publication.