787 So.2d 952 (2001)
STATE of Florida, Appellant,
v.
Patrick John RIVERS, Appellee.
No. 2D00-1758.
District Court of Appeal of Florida, Second District.
June 13, 2001.
*953 Robert A. Butterworth, Attorney General, Tallahassee, and Wendy Buffington, Assistant Attorney General, Tampa, for Appellant.
Peter D. Ringsmuth, Ft. Myers, for Appellee.
SILBERMAN, Judge.
The State seeks review of the denial of its motion for authorization to execute a subpoena to obtain emergency room records and toxicology reports or records. Although the State filed a notice of appeal as to the nonfinal order denying its motion, we treat the notice as a petition for writ of certiorari. Fla. R.App. P. 9.040(c). Because the State met its burden in order to obtain an investigative subpoena for the records, we grant the petition.
Rivers was charged with driving under the influence, causing serious bodily injury. § 316.193(3)(c)2, Fla. Stat. (Supp. 1998). The State sought authorization from the trial court to execute an investigative subpoena for emergency room medical records and toxicology reports. The State contended that the records and reports would indicate whether Rivers was under the influence of drugs or alcohol at the time of the crash. Rivers argued against the discovery and noted that the State already had blood draw evidence. The State argued the blood draw evidence may be suppressed or excluded at trial. The record reveals that Rivers filed a motion to suppress and a motion in limine directed to the blood draw evidence, but the motions had not been ruled upon by the trial court.
The trial court denied the State's motion without prejudice, reasoning that because the State already had the results of a legal blood draw, discovery of the other medical records and reports was not necessary. The trial court left open the possibility that the State could renew its request when "the medical blood related evidence becomes more relevant."
Before a subpoena can be issued to compel disclosure of a patient's medical records, the patient must be given notice. Hunter v. State, 639 So.2d 72, 74 (Fla. 5th DCA 1994). If the patient objects to disclosure, the State has the burden to establish the relevancy of the medical records which it seeks to obtain. Id.
The court in Hunter recognized that a patient's medical records are protected under Florida's constitutional right to privacy. Id.; see also Art. I, § 23, Fla. Const. The right to privacy may be overcome by the showing of a compelling state interest. Such an interest exists where there is a reasonable founded suspicion that the materials contain information relevant to an ongoing criminal investigation. Hunter, 639 So.2d at 74; State v. Rutherford, 707 So.2d 1129, 1131 (Fla. 4th DCA 1997).
The emergency room and toxicology records and reports sought by the State were directly related to the incident which led to the charges against Rivers and to the ongoing *954 criminal investigation. The State thus met its burden of establishing relevancy and a compelling state interest. The fact that the State had other incriminating evidence against Rivers was not a proper basis to prevent execution and issuance of the investigative subpoena.
Because the State met its burden, we grant the petition for writ of certiorari, quash the order denying the State's motion, and remand with directions that an order be entered authorizing the State to issue a subpoena to obtain the requested records and reports.
PARKER, A.C.J., and NORTHCUTT, J., Concur.