832 So.2d 177 (2002)
DEPARTMENT OF HIGHWAY SAFETY & MOTOR VEHICLES, Petitioner,
v.
Walter John SNELL, Respondent.
No. 5D02-1233.
District Court of Appeal of Florida, Fifth District.
November 15, 2002.
Rehearing Denied December 19, 2002.
*178 Enoch J. Whitney, General Counsel, and Heather Rose Cramer, Assistant General Counsel, Department of Highway Safety & Motor Vehicles, Lake Worth, for Petitioner.
Eric A. Latinsky, Daytona Beach, for Respondent.
PLEUS, J.
The State of Florida, Department of Highway Safety & Motor Vehicles (DHSMV) petitions for certiorari review of a circuit court order granting Walter John Snell's petition for writ of certiorari and quashing a decision of the DHSMV to revoke Snell's driver's license.
Snell was riding a motorcycle when he was pulled over by a Volusia County sheriff's deputy for failure to maintain a single lane. He was arrested for driving under the influence and the DHSMV suspended his license for refusing to take a breath test. Snell requested a formal review of the administrative decision and the hearing officer upheld the license suspension. Snell then challenged his suspension by filing a petition for writ of certiorari in the circuit court. The circuit court reversed the administrative suspension of Snell's license without issuing a show cause order to DHSMV.
The only issue raised by DHSMV is whether the circuit court erred in granting the petition without first issuing an order to show cause and giving DHSMV an opportunity to respond. Snell argues that because DHSMV did not file a motion for rehearing, they cannot now complain about the lack of procedural due process. Although it would have been preferable for DHSMV to file a motion for rehearing, its failure to do so does not preclude certiorari review of the alleged procedural error.
On the merits, our standard of review is limited to (1) whether the circuit court afforded procedural due process; and (2) whether the circuit court applied the correct law (also expressed as whether the essential requirements of the law have been observed). Dusseau v. Metropolitan Dade County Board of County Comm'rs, 794 So.2d 1270 (Fla.2001). DHSMV argues that the circuit judge should have issued an order to show cause and given it an opportunity to respond. Although Florida Rule of Appellate Procedure 9.100(h) states that "[i]f the petition demonstrates a preliminary basis for relief ... the court may issue an order directing the respondent to show cause," the second district recently held that "the court must issue an order to show cause as to why relief should not be granted." Evergreen Tree Treasurers of Charlotte County, Inc. v. Charlotte County Bd. of County Comm'rs, 810 So.2d 526 (Fla. 2d DCA 2002) (emphasis added); see also Rightler v. Pompano Beach Police and Fireman's Pension Fund, 467 So.2d 461 (Fla. 4th DCA 1985) (holding that circuit court violated the essential requirements of the law *179 in not issuing an order to show cause after receiving a facially sufficient petition for writ of certiorari).
Although the circuit court noted no response from DHSMV, it was not their obligation to respond until the court issued an order to show cause. As noted in West's Florida Practice:
When certiorari is used in the circuit court to review judicial or quasijudicial action of a lower tribunal, the rules of appellate procedure apply in place of the rules of civil procedure.

* * *
The party to whom the petition is directed should not respond as a matter of course. Rule 9.100(h) provides that if the petition demonstrates a preliminary basis for relief, the court will issue an order to show cause. Within the time set by the order, the respondent may then file a response which shall include an argument with citations of authority and references to the appropriate pages of the appendices.
5 Fla. Prac. Certiorari § 30.4 (2002).
Therefore, we grant certiorari, quash the circuit court's order granting relief and remand this cause for further proceedings consistent with this opinion.
PETITION GRANTED; ORDER QUASHED, REMANDED WITH DIRECTIONS.
HARRIS and ORFINGER, R.B., JJ., concur.