902 So.2d 820 (2004)
David FARRALL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-175.
District Court of Appeal of Florida, Fourth District.
November 17, 2004.
Rehearing Denied June 22, 2005.
Bruce L. Udolf of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
We affirm appellant's, David Farrall, conviction and sentence on the charge of driving under the influence/unlawful blood alcohol level (DUI/UBAL). We affirm on all issues raised and write only to discuss the issue of whether the trial court erred in denying appellant's motion to suppress evidence allegedly seized in violation of State v. Rutherford, 707 So.2d 1129 (Fla. 4th DCA 1997), disapproved by State v. Johnson, 814 So.2d 390 (Fla.2002) (disapproving Rutherford to the extent that it requires application of the exclusionary rule anytime the state fails to comply with section 395.3025, Florida Statutes).
Appellant was charged in a six-count information with two counts of DUI/ Manslaughter, two counts of UBAL/ Manslaughter, and two counts of vehicular homicide. The charges stemmed from an automobile accident in which appellant was driving south in the northbound lanes of I-95 and struck another car head on, killing the car's two occupants at the scene. As to each victim, the state charged one count of driving under the influence of alcohol to *821 the extent appellant's normal faculties were impaired, one count of driving with a blood alcohol in excess of the lawful limit (.08), and one count of vehicular homicide based on reckless driving. Appellant filed a Motion to Consolidate and a Motion to Dismiss counts of the information based on double jeopardy. The court granted the motion as to the manslaughter charges. The state appealed that order; this court reversed the trial court and allowed the state to proceed on the alternative theories. See State v. Farrall, 807 So.2d 151 (Fla. 4th DCA 2002).
As a result, the jury was presented with evidence relating to all theories. They entered a verdict finding appellant guilty of the lesser offense of DUI on Counts I and II (instead of DUI/Manslaughter), of the lesser offense of driving with an unlawful blood alcohol level on Counts III and IV (instead of UBAL/ Manslaughter), and of the lesser offense of reckless driving on Counts V and VI (instead of vehicular homicide).
Prior to trial, appellant filed a motion to suppress blood vials and serum drawn from him while in the hospital. He alleged that the evidence was obtained in violation of Rutherford, 707 So.2d at 1129. He argued, specifically, that, after giving notice of its intent to seek a subpoena of his hospital records and blood samples, the state disregarded the ten-day waiting period and seized the evidence prematurely by way of a search warrant.[1]
We agree with the state that this procedure was lawful. One has a constitutionally protected right to privacy of his medical records. See Art. I, § 12, Fla. Const. In criminal investigations such as the one involving appellant, however, the constitutional right may be overcome provided certain procedural safeguards are met. The procedure for obtaining a person's medical records pursuant to a subpoena is outlined in section 395.3025, Florida Statutes. The statute requires that the party seeking the records give notice prior to issuing a subpoena and demonstrate a reasonable suspicion. See, e.g., State v. Rivers, 787 So.2d 952 (Fla. 2d DCA 2001). This is so because, while there is no opportunity to object to a search warrant issued with probable cause, the law does provide the opportunity to object to a subpoena and have it quashed. See generally Dean v. State, 478 So.2d 38 (Fla.1985).
Obtaining a search warrant, however, requires a higher threshold of proof. The state must show probable cause that the records are relevant to the commission of a crime. See § 933.02(3), Fla. Stat. (2000). As a result, no notice or adversarial hearing is required. See Limbaugh v. State, 887 So.2d 387, 398, (Fla. 4th DCA 2004) (holding that "the constitutional right of privacy in medical records is not implicated by the State's seizure and review of medical records under a valid search warrant without prior notice or hearing").
In this case, the state initially sought appellant's blood samples by way of a subpoena, but later obtained a search warrant to seize the same evidence. Thus, the subsequent issuance of a search warrant negated the need for a subpoena as well as any argument that notice was deficient. Because the state abandoned the subpoena in favor of a validly obtained search warrant, *822 the trial court correctly denied appellant's motion to suppress.
AFFIRMED.
STONE and POLEN, JJ., concur.
NOTES
[1] Rule 1.351(b), Florida Rules of Civil Procedure, requires notice to be served at least ten days prior to the issuance of the subpoena.