920 So.2d 852 (2006)
PREMIER DEVELOPERS III ASSOCIATES, Petitioner,
v.
CITY OF FORT LAUDERDALE, Florida, Respondent.
No. 4D05-642.
District Court of Appeal of Florida, Fourth District.
February 22, 2006.
John K. Shubin and Ava J. Borrasso of Shubin & Bass, P.A., Miami, for petitioner.
Robert H. Schwartz and Alain E. Boileau of Adorno & Yoss LLP, Fort Lauderdale, for respondent.
WARNER, J.
Petitioner, Premier Developers III Associates, seeks second tier certiorari review of a decision of the circuit court upholding the denial of a site plan application for the construction of a condominium in Fort Lauderdale Beach. In second-tier *853 review, this court determines only whether the circuit court: (1) afforded procedural due process; and (2) applied the correct law. City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla.1982). Premier contends that the court did not provide due process because it went outside the "record" in determining the issues before it, and it failed to apply the correct law by misallocating the burden of proof. We conclude that the circuit court both provided due process and applied the correct law.
In brief, Premier submitted a site plan to the City of Fort Lauderdale to build a twelve-story condominium residential building along the intracoastal waterway in Fort Lauderdale Beach. The design required site plan approval because it called for decreased setbacks from those mandated in the city code. Such decreased setbacks were permissible under the city code if the building complied with the adequacy and neighborhood compatibility requirements of the code. The city staff prepared an analysis of the project and concluded that the project did not meet "massing guidelines," nor did it meet neighborhood compatibility and preservation guidelines. The city's Planning and Zoning Commission rejected the setback requirement reduction. Premier then appeared at a hearing before the City Commission. After hearing Premier's presentation, reviewing the report of the city staff, and hearing from various residents, the Commission denied the request.
Premier filed a petition for certiorari to the circuit court. The court held a hearing and considered the voluminous record and the briefs of the parties. Premier's position was that it had complied with all of the provisions of the code, because it did not consider the neighborhood compatibility requirement a mandatory requirement, while the city claimed that Premier did not satisfy all of the provisions because it failed to comply with the neighborhood compatibility requirement. After this hearing, the court entered its order denying the petition. In its order, the court discussed the interpretation of the relevant ordinances and determined that its interpretation of the code required compliance by Premier. The court then determined that the Commission had competent, substantial evidence before it to deny the request.
In its petition to this court, Premier contends that it was denied procedural due process by the circuit court, because the circuit court relied on matters not argued before the Commission. Our review of the record before the circuit court indicates that the matters it addressed were part of the Commission review. While the Commissioners did not discuss the meaning of the ordinances, they discussed the requirements of the code and whether the project satisfied the neighborhood compatibility requirements. In particular, members of the planning and zoning staff testified that the project did not meet the massing requirements, nor was it compatible with the surrounding neighborhoods. Although there was conflicting evidence presented, the function of the circuit court sitting in its review capacity is to determine whether there is competent substantial evidence to support the decision of the commission. See Town of Manalapan v. Gyongyosi, 828 So.2d 1029, 1032 (Fla. 4th DCA 2002). We conclude that the circuit court did not consider matters outside the record in reaching its decision.
Second, Premier contends that the court applied the incorrect law in that it did not properly allocate the burden of proof. It cites to Broward County v. G.B.V. International, Ltd., 787 So.2d 838, 842 (Fla.2001), in which the supreme court stated:

*854 A decision granting or denying a site plan or plat application is governed by local regulations, which must be uniformly administered. The allocation of burdens expressed in Irvine v. Duval County Planning Commission, 495 So.2d 167 (Fla.1986), is applicable to such proceedings:
[O]nce the petitioner met the initial burden of showing that his application met the statutory criteria for granting such [applications], "the burden was upon the Planning Commission to demonstrate, by competent substantial evidence presented at the hearing and made a part of the record, that the [application] requested by petitioner did not meet such standards and was, in fact, adverse to the public interest."

Irvine, 495 So.2d at 167. To deny a plat application, a local government agency must show by competent substantial evidence that the application does not meet the published criteria. Once the agency has denied the application, the developer may seek judicial review via the writ of certiorari, as explained below.
(Footnote omitted). The duty of the circuit court is to determine whether procedural due process was provided; whether the essential requirements of law were observed; and whether the administrative judgment is supported by competent substantial evidence. Id. at 843. The court did this in accordance with the petition filed. The court found from a review of the entire record before the Commission that Premier had not met its burden of complying with all of the statutory criteria for decreasing setbacks. Thus, the court necessarily found that the burden never shifted, because there was competent substantial evidence to show that several criteria were not complied with, including the neighborhood compatibility requirement.
Finding that the circuit court afforded procedural due process and applied the correct law, we deny the petition for certiorari.
POLEN and MAY, JJ., concur.