970 So.2d 366 (2007)
Steve BYLE, Petitioner,
v.
PASCO COUNTY, by and through its BOARD OF COUNTY COMMISSIONERS, and Mid-Peninsula Realty Investment Group, LLC, Respondents.
No. 2D07-1537.
District Court of Appeal of Florida, Second District.
October 12, 2007.
Rehearing Denied December 31, 2007.
Steve Byle, pro se.
W. Elizabeth Blair, Senior Assistant County Attorney, New Port Richey, for Respondent Pasco County.
Richard Millian of Tew & Associates, Clearwater, for Respondent Mid-Peninsula Realty Investment Group, LLC.
KELLY, Judge.
Steve Byle petitioned the circuit court to review by certiorari the Pasco County Board of County Commissioners' approval of a preliminary site plan and variance request application. The circuit court dismissed his petition for lack of standing. Byle petitions this court to review by second-tier certiorari the circuit court's order. This court's second-tier review is limited to determining whether the circuit court provided Byle with procedural due process and whether it departed from the essential requirements of law. See Dusseau v. Metro. Dade County Bd. of County Comm'rs, 794 So.2d 1270 (Fla. 2001).
Byle argues that the circuit court did not provide him with procedural due process because a single judge rather than a three-judge panel disposed of his petition. Local Rule 1(A)(1) of the Sixth Judicial Circuit requires that appeals to the Sixth Circuit Court from designated administrative bodies of Pinellas and Pasco Counties be assigned to three-judge panels in the appellate division. Sixth Judicial Circuit Administrative Order No. 2007-016 PA/PI-CIR further clarifies that "[a]ll civil and criminal cases invoking the appellate jurisdiction of the Circuit Court pursuant to the Florida Rules of Appellate Procedure, Rule 9.030(c), including . . . petitions to review administrative action . . . shall be heard by three-judge panels."
As Byle correctly notes, when a circuit court adopts a local rule requiring that petitions be heard by three-judge panels, a single judge may not decide the merits of the petition. See McAlevy v. State, 947 So.2d 525 (Fla. 4th DCA 2006); Melkonian v. Goldman, 647 So.2d 1008 (Fla. 3d DCA 1994). Because the Sixth Judicial Circuit has promulgated a rule requiring three-judge panels to decide petitions seeking review of administrative action, Byle was deprived of procedural due process when a single judge ruled on his petition. See McAlevy, 947 So.2d at 528. Accordingly, *368 we grant the petition for certiorari and quash the order under review.
Petition for certiorari granted.
WHATLEY and SILBERMAN, JJ., Concur.