NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


JASON MICHAEL FABER,                )
                                    )
            Petitioner,             )
                                    )
v.                                  )       Case No. 2D14-3193
                                    )
STATE OF FLORIDA,                   )
                                    )
            Respondent.             )
                                    )
_____      )

Opinion filed February 4, 2015.

Petition for Writ of Certiorari to the Circuit
Court for Pinellas County; R. Timothy
Peters, Judge.

Bob Dillinger, Public Defender, and
Jane A. Matheny, Assistant Public
Defender, Clearwater, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Elba Caridad Martin-
Schomaker, Tampa, for Respondent.


DAVIS, Chief Judge.

        Jason Michael Faber seeks by petition for writ of certiorari to quash the

order overruling his objection to the State's request for his medical records.  We grant

the petition and quash the order to the extent that it allows for the discovery of a broad

class of medical and mental health records without a sufficient showing of the relevancy of the records to the pending charges.

Faber is a veteran who is currently facing charges of first-degree murder, attempted first-degree murder, and fleeing and eluding. Although we do not know the details of the charges, on the night of the incident, he acknowledged to police investigators that he killed the victim. Additionally, evidence suggests that he suffers from posttraumatic stress disorder (PTSD) and a traumatic brain injury due to his military service, and his description to the police of what happened during the incident involved the use of military tactics and terms. After filing the charges, the State notified Faber of its intent to subpoena his medical records, including his mental health records, from a local Veterans Affairs (VA) hospital.[1] Faber objected, specifically noting that he has not yet filed a notice of intent to rely on an insanity defense and that the records are not otherwise relevant to the pending charges.[2] Following an evidentiary hearing, the trial court found that the State presented a sufficient nexus between the mental health records and the facts of the crime. The trial court's focus appeared to rest primarily on the court's belief that even without the presentation of an insanity defense, the likelihood that Faber's military service, injuries, and mental health status would be included in

---

[1]Sections 395.3025(4)(d) and 456.057(7)(a)(3), Florida Statutes (2014), govern the release of private medical records to the State in criminal prosecutions.

[2]We do not have the written objections in the appendix provided with this petition, but the transcript of the evidentiary hearing shows that Faber argued that the State had the burden to show that the medical records were relevant and that the State could not meet that burden at this point in the proceedings.

some of the testimony was high and that the records would therefore be relevant at trial.[3]

In examining the issue, the trial court utilized the correct law but nevertheless departed from the essential requirements of law because it only considered whether the State established that the records were potentially relevant to the general testimony anticipated at trial; the trial court failed to also consider whether the records sought were directly related to the circumstances surrounding the charges. Cf. State v. Rivers, 787 So. 2d 952, 953-54 (Fla. 2d DCA 2001) ("The right to privacy may be overcome by the showing of a compelling state interest. Such an interest exists where there is a reasonable founded suspicion that the materials contain information relevant to an ongoing criminal investigation. The emergency room and toxicology records and reports sought by the State were directly related to the incident which led to the charges against Rivers and to the ongoing criminal investigation." (emphasis added) (citation omitted)).

Unlike in Rivers, in the instant case, the State is seeking a broad portion of Faber's body of health and military records available from the VA medical facility. While certain aspects of those records are potentially relevant to his mental state and actions at the time of the murder—especially if notices related to anticipated defenses or sentencing mitigators are eventually filed—it is unlikely that all of his VA records are relevant. Furthermore, the State did not otherwise establish what, if any, portion of the

_____

[3]At the evidentiary hearing, the investigating detective testified that Faber's wife discussed his military-related brain injuries with him and that Faber described his military service to the detective and told him that he is on almost total disability due to his mental health issues. The State's evidence also includes the list of prescriptions taken by Faber for his related treatments.

comprehensive VA records requested are "directly related to the incident," and no further indication of the scope of those records was provided at the hearing or examined in camera by the trial court. See id.; see also Hunter v. State, 639 So. 2d 72, 74 (Fla. 5th DCA 1994) ("[T]he [S]tate could seek to subpoena all the medical records of a patient from all of the patient's health care providers without there being a scintilla of evidence to suggest that any of the medical records are relevant to a pending criminal investigation. Some of the records might be relevant and some might *not* be relevant. Without the intervention of an impartial magistrate to determine relevancy, the notice of hearing to the patient is meaningless. . . . The court must act as a shield to protect the patient's right to privacy by determining whether medical records are relevant to a pending criminal investigation. This role of the court is extremely important. . . .").

Because the State presented an insufficient nexus to establish the relevance of the broad scope of the requested VA records to Faber's criminal prosecution, "the trial court departed from the essential requirements of law in permitting the State to subpoena all of [the defendant's] medical records. To allow disclosure of [non[]discoverable], mental health records would cause irreparable harm from which [the defendant] has no adequate remedy on appeal." See Tyson v. State, 114 So. 3d 443, 445 (Fla. 5th DCA 2013). Accordingly, we grant the petition and quash the order to the extent it allows the discovery. We note that at least some portion of the relevancy issues addressed by this opinion may become moot if Faber files notice in the trial court of his intent to rely on an insanity defense.

Petition granted.

ALTENBERND and CASANUEVA, JJ., Concur.