On Motion for Rehearing
POLEN, J.
We deny appellee’s motion for rehearing, but correct some factual misstatements in our prior opinion and substitute the following for our slip opinion of July 8, 2009.
Appellant Frank Alsfield was charged by information with one count of sexual battery upon VH, a person older than *620 twelve years of age, when she was physically helpless to resist. The State filed its notice of intent to offer evidence of other crimes, wrongs, or acts — namely, that Als-field had committed sexual battery upon another alleged victim, AM, in a similar manner. Upon that notice, the trial court held a Williams[1] Rule hearing.
VH and Alsfield were in a pool league together at a local bar. On the night of the alleged sexual battery, Alsfield brought VH back to his house after VH became highly intoxicated. Because VH got sick from drinking, Alsfield placed VH in his bed, put a bucket next to her, and changed her shorts. When VH awoke, Alsfield was on top of her, penetrating her vagina with his penis. VH screamed, and Alsfield stopped. VH grabbed Alsfield’s cell phone from the nightstand and called a friend, then 911. Nothing further happened between Alsfield and VH that night.
AM testified she met Alsfield at the same bar where VH and Alsfield hung out. After Alsfield bought AM a few drinks, he invited her to his house for a movie and some Roxicodone. Once at his house, Als-field exposed himself to AM and tried to make her perform oral sex. AM blacked out at that point, but when she woke up, she was naked, and Alsfield was on top of her having intercourse with her. AM pushed him off, put on her clothes, and left the house. She eventually went to the hospital to have a rape kit done, and there, AM told the police that when she woke up at Alsfield’s house, he was lying next to her, not on top of her. She also did not make any allegations of unconsented oral sex or intercourse. Instead, AM signed a waiver of prosecution after the police determined that there were major inconsistencies in her story and that no basis for further investigation existed.
Detective Brent Black, who investigated both VH’s and AM’s cases, testified as to the similarities between the two cases. Both victims met Alsfield at the same local bar where he bought them the same alcoholic drinks. Both victims knew Alsfield before the night of the alleged sexual battery and were heavily intoxicated by the time they got to his house. They “passed out” for periods of time during the night and woke up to find Alsfield on top of them, engaged in sexual intercourse.
At the conclusion of the Williams Rule hearing, the trial court granted the State’s motion to introduce AM’s testimony at trial. The court found that the two episodes were sufficiently similar to rebut Alsfield’s defense of consent.
The trial testimony of VH and AM was substantially the same as their pretrial testimony. The jury found Alsfield guilty of sexual battery, but did not find that VH was physically helpless. The court adjudicated Alsfield and sentenced him to sixty months in the Department of Corrections, followed by ten years of sex offender probation.
“On the Williams Rule issue, the standard of review applicable to the consideration of whether evidence was properly admitted is abuse of discretion.” Stav v. State, 860 So.2d 478, 480 (Fla. 4th DCA 2003) (citing Geldreich v. State, 763 So.2d 1114, 1116 (Fla. 4th DCA 1999)). The codification of the Williams Rule provides:
Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
*621 § 90.404(2)(a) Fla. Stat. (2007); see also Williams v. State, 110 So.2d 654 (Fla.1959). And before admitting AM’s testimony against Alsfield, the trial court had to make two determinations: (1) whether the evidence is relevant or material to some aspect of the offense being tried, and (2)whether the probative value is substantially outweighed by any prejudice. See §§ 90.402, 90.408, 90.404(2), Fla. Stat. (2007).
In order to show materiality, the State must prove by clear and convincing evidence that the collateral act was actually committed by the defendant. Audano v. State, 641 So.2d 1356, 1358-59 (Fla. 2d DCA 1994). In Audano, where an alleged victim of the defendant’s collateral offense told inconsistent stories, the court found that the clear and convincing standard had not been met. Id. at 1359. The authorities did not believe the alleged victim’s stories; the investigation ended without an arrest; and, thus, the alleged victim’s testimony was inadmissible. Id. The court reasoned that “[the alleged victim’s] stories do not yield the ‘firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established.’ ” Id. (quoting Slomowitz v. Walker, 429 So.2d 797, 800 (Fla. 4th DCA 1983)).
Similarly, here, when AM was first interviewed by the police, she did not make an allegation of sexual battery against Alsfield. She told the police that when she woke up in Alsfield’s bed, he was lying next to her, not on top of her, and she never mentioned that they engaged in sexual intercourse. She also could not remember whether Alsfield forced her to perform oral sex and never mentioned that to the police. Later, AM told the police that Alsfield was on top of her and acknowledged that there were inconsistencies in her story. Although Alsfield was arrested and charged for the allegations made by AM, AM wished to “move on” and signed a waiver of prosecution. The case was ultimately disposed.
Based on those facts, AM’s altered accusations of sexual battery failed to “yield the ‘firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established.’ ” Audano, 641 So.2d at 1359 (citing Slomowitz, 429 So.2d at 800). The State, in other words, did not prove by clear and convincing evidence that Alsfield committed sexual battery against AM. Thus, it was error for the trial court to admit AM’s testimony as relevant to prove Alsfield’s guilt in this case.
We reverse and remand for a new trial.
GROSS, C.J., and FARMER, J., concur.

. Williams v. State, 110 So.2d 654 (Fla.1959).