MAY, J.
 

 Technology confronts Florida’s statutory scheme for discovery of cellular telephone records in this appeal from the defendant’s conviction and sentence for burglary of a dwelling, robbery, and two counts of battery, all while armed with a deadly weapon. The defendant makes several arguments, none of which merit a reversal. We write to address the trial court’s admission of historical cell phone site evidence.
 

 The incident giving rise to the crime involved a home invasion robbery of an elderly couple. As a result of the robbery, the male victim was taken to the hospital. The female victim remained home, but suffered a heart attack later that afternoon. The defendant was apprehended after he admitted the crime to his daughter, who then contacted her mother and called 911.
 

 Among other evidence, the State obtained the defendant’s historical cell site information by requesting an Order Authorizing Disclosure of Cellular Telephone Billing Records and Cell Site Number and Location.
 
 [1]
 
 Initially, law enforcement obtained the records through an investigative subpoena. The defendant moved in limine or to suppress the evidence because the State had not complied with section 934.23, Florida Statutes (2007). The court suppressed the information, but allowed the State to obtain a proper court order.
 

 When the State renewed the request for historical cell site records, the defense objected and renewed its motion to suppress, citing a recently published opinion,
 
 In re Application of the U.S. for an Order Directing a Provider of Electronic Communication Service to Disclose Records,
 
 534 F.Supp.2d 585 (W.D.Pa.2008). After reviewing
 
 Hunter v. State,
 
 639 So.2d 72 (Fla. 5th DCA 1994), the trial court found the language in section 934.23(4)(a), Florida Statutes, mirrored the language in 18 U.S.C. § 2701
 
 et seq.,
 
 and allowed the State a second opportunity to obtain the records.
 

 At trial, defense counsel objected to the information on relevancy grounds. The court overruled the objection. This paved
 
 *634
 
 the way for testimony concerning the location of the cell phone and its use by the defendant around the time of commission of the crime.
 

 The defendant argues on appeal that the court erred in permitting the State to obtain and introduce the defendant’s historical cell site records because it originally failed to obtain the records, pursuant to section 934.23, Florida Statutes. He further argues that the evidence should be excluded because the State essentially conducted a warrantless search and seizure of his phone records to find his historical physical location, in violation of his Fourth Amendment rights.
 

 Since there are no facts in dispute, we review the legal issue
 
 de novo. Underwood v. State,
 
 801 So.2d 200, 202 (Fla. 4th DCA 2001).
 

 “Chapter 934 protects against unauthorized interception of oral, wire, or electronic communications” and is “strictly construed and narrowly limited.”
 
 State v. Jackson,
 
 650 So.2d 24, 26 (Fla.1995). Section 934.23 requires an officer to obtain a wai'rant or seek a court order when obtaining customer or subscriber records from an electronic communication provider. § 934.23(4)(a) 1., 2., Fla. Stat. A court may issue the order under subsection (5), only if the “officer offers specific and artic-ulable facts showing that there are reasonable grounds to believe the contents of a wire or electronic communication or the records of other information sought are relevant and material to an ongoing criminal investigation.” § 934.23(5), Fla. Stat. “[C]ontents of a communication,” however, are not obtainable under subsection (4)(a). § 934.23(4)(a), Fla. Stat. This section mimics subsections 2703(c) and (d) of the Stored Communications Act (SCA). 18 U.S.C. § 2703.
 

 Case law concerning historical cell site information is relatively new and unsettled. The Fifth District Court of Appeal has held that obtaining phone numbers from cell phone service providers is not a Fourth Amendment violation.
 
 See Figueroa v. State,
 
 870 So.2d 897 (Fla. 5th DCA 2004). Yet, no Florida court has addressed the prerequisite for obtaining historical cell site information.
 

 In a case of first impression, the District Court for Massachusetts held that historical cell site information was obtainable through a court order issued pursuant to subsections 2703(c)(1)(B) and (d) of Title 18 of the United Stated Code.
 
 In re Applications of the U.S. for Orders Pursuant to Title 18 U.S.C. § 2703(d),
 
 509 F.Supp.2d 76 (D.Mass.2007) (reversing a decision by the Magistrate Judge which required a warrant to obtain historical cell site information).
 
 [2]
 

 The district court applied a three-part test to determine if section 2703 provided a proper means to obtain the information. First, the court determined that a cell phone service provider fits within the statutory definition of a “provider of electronic communication servicefs],” as defined by the SCA.
 
 Id.
 
 at 79 (quoting 18 U.S.C. § 2510(15)). Second, the court determined that historical cell site information was “a record or other information pertaining to a subscriber to or customer of’ an electronic communications service because it contained “data specific to the handling of a
 
 *635
 
 customer’s call.”
 
 Id.
 
 at 79-80 (quoting 18 U.S.C. § 2703(c)(1)). Third, the court determined that the information was not “content” information because the location of a cell tower disclosed nothing about the “substance, purport, or meaning” of the call.
 
 Id.
 
 at 80 (quoting 18 U.S.C. § 2510(8)). Lastly, the court found that because historical cell site information disclosed only information in the past and not the current location of the defendant, it did not implicate the Fourth Amendment.
 
 Id.
 
 at 80-81.
 

 We now adopt the reasoning of the District Court of Massachusetts because our statutory scheme is so similar to the federal statute. We hold that historical cell site information is not content-based. The user of a cell phone has no expectation of privacy in those records.
 
 See Smith v. Maryland,
 
 442 U.S. 735, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979). And, because historical cell site information discloses only the defendant’s past location and does not pinpoint his current location in a private area, it does not implicate Fourth Amendment protections.
 
 See United States v. Knotts,
 
 460 U.S. 276, 108 S.Ct. 1081, 75 L.Ed.2d 55 (1983). In short, law enforcement need only comply with the provisions of section 934 to obtain historical cell site information.
 

 The defendant also argues that the trial court erred in allowing the State a second chance to comply with the statute and that the second application failed to contain the statutorily required “specific and articulable facts.” We disagree.
 

 In
 
 Hunter,
 
 the Fifth District held that the State could use an investigative subpoena to compel disclosure of medical records. 639 So.2d at 74. In that case, the trial court quashed the original subpoena because it had been obtained without notice to the patient, but the State was permitted to obtain the records by requesting a second subpoena after notice.
 
 Id.
 
 at 73. Here, the trial court relied on
 
 Hunter
 
 to allow the State a second opportunity to obtain the historical cell site records. We find no error.
 

 We further find that the affidavit presented in this case, while a modicum of detail, clearly provided the court with sufficient “specific and articulable” facts to allow the trial court to decide whether to order production of the records. The affidavit indicated that the “Cell Site Number and Location will show where he was located at the time he was making and receiving” phone calls “within ½ hour prior to and subsequent to the time of the crimes.” The defendant lived in West Palm Beach; the crime occurred in Pompano Beach. He made phone calls to his ex-wife during the night and morning of the crime. The cell site information was relevant to place the defendant in the area near the crime at the time of the crime. Additionally, given the eyewitness testimony, defendant’s admission, and physical evidence, any error would have been harmless.
 
 State v. DiGuilio,
 
 491 So.2d 1129 (Fla.1986).
 

 For these reasons, we find no error in the admission of the historical cell site information. Therefore, we affirm.
 

 Affirmed.
 

 DAMOORGIAN and CIKLIN, JJ., concur.
 

 [1]
 

 . Historical cell site information involves records that identify the relay tower or towers through which a customer's calls are handled, thereby identifying the location from which a call is made.
 
 See In re Applications of the U.S. for Orders Pursuant to Title 18 U.S.C. § 2703(d),
 
 509 F.Supp.2d 76, 78 (D.Mass.2007).
 

 [2]
 

 . The defendant relied on a contrary opinion,
 
 In re Application of the U.S. for an Order Directing a Provider of Electronic Communication Service to Disclose Records,
 
 534 F.Supp.2d 585 (W.D.Pa.2008). There, the court held the government must satisfy the Fourth Amendment’s probable cause requirement to obtain historical cell site information.
 
 Id.
 
 at 591. In doing so, the court aligned itself with the minority view that historical cell phone location information may not be obtained with a section 2703(d) order.