TAYLOR, J.
Deitrick Johnson was convicted of eight counts of robbery with a firearm and sentenced to fifty years of imprisonment on each count, to be served concurrently. We affirm on all issues raised by the defendant, but write to address his arguments that the trial court erred by: 1) admitting evidence of a collateral robbery at the defendant’s trial, 2) refusing to sever the three robberies for which the defendant was tried, and 3) admitting the defendant’s cell phone records, even though the state failed to comply with the requirements of section 934.23, Florida Statutes (2003).
Several chain drugstores located in Bro-ward County were robbed by armed men during the fall of 2007. The defendant and a co-defendant were arrested and charged with four of these robberies. Three of the robberies occurred on October 8, 2007. The other occurred on September 4, 2007. During a pre-trial motion in limine, the state presented the following evidence regarding the four robberies:
(1) All the robberies took place within a month of each other;
(2) All the robberies occurred at chain drugstores, mostly at CVS;
(3) All the robberies took place between the hours of three and six o’clock in the morning;
(4) All the drugstores were located in Broward County;
*956 (5) All the robberies involved two male perpetrators;
(6) In each robbery, the perpetrators wore masks;
(7) In each robbery, the perpetrators entered the store holding guns;
(8) In each robbery, the perpetrators wore dark clothing;
(9) In each robbery, the perpetrators told the drugstore employees to lay on the ground;
(10) In each robbery, one perpetrator stayed in the front of the store while the other immediately made his way into the back;
(11) In each robbery, the perpetrators were in and out of the drugstore in a short period of time;
(12) In each robbery, the defendants’ cell phones were used to place calls to each other just before and after the robberies;
(13) In each robbery, the defendants’ cell phones were used at or near the location of the robberies.
(14) In most of the robberies, the perpetrators took or disabled the employees’ cell phones.
After hearing this evidence, the trial court held that the September 4, 2007 robbery was admissible collateral crime evidence because it was relevant regarding the issues of modus operandi and identity. The trial court also held that the three October 8, 2007 robbery counts could be tried together as one crime spree and denied the defendant’s motion to sever these offenses. Finally, the trial court ruled that the defendant’s cell phone records, which only included his historical cell site information, could be admitted at trial. The case proceeded to trial, and a jury found the defendant guilty on all charges.
The first two issues on appeal concern the propriety of admitting evidence of the September robbery at the defendant’s trial for the October robberies. Similar crime evidence, also known as Williams[1] rule evidence, is codified in section 90.404(2)(a), Florida Statutes (2009), and may be admitted at trial when it is relevant to prove a material fact in issue. Cartwright v. State, 885 So.2d 1010, 1013 (Fla. 4th DCA 2004). To admit evidence of a collateral crime at trial, the state must first prove by clear and convincing evidence that the defendant committed the collateral act. Alsfield v. State, 22 So.3d 619, 621 (Fla. 4th DCA 2009) (citing Audano v. State, 641 So.2d 1356, 1359 (Fla. 2d DCA 1994)). When the “purported relevancy of the collateral crime evidence is the identity of the defendant,” the state must also show “identifiable points of similarity between the collateral act and the charged crime.” Durousseau v. State, 55 So.3d 543, 552 (Fla.2010) (quoting Peterson v. State, 2 So.3d 146, 153 (Fla.2009)). We review the trial court’s ruling on the admissibility of collateral crime evidence for an abuse of discretion. Kane v. State, 975 So.2d 1277, 1280 (Fla. 4th DCA 2008) (citing Macias v. State, 959 So.2d 782, 784 (Fla. 4th DCA 2007)).
We reject the defendant’s contention that the September robbery was not admissible because the state did not present clear and convincing evidence that the defendant committed it. Cell phone records placed the defendant at the drugstore around the time of the robbery. Surveillance video of the robbery showed that one of the suspects was wearing a camouflage hat, and a camouflage hat was found in the parking lot of the drugstore shortly after the robbery occurred. The defendant’s DNA was found on the hat. This was clear and convincing evidence that the de *957 fendant committed the September robbery.
Based on the similarities between the robberies, we also reject the defendant’s argument that the September robbery was not sufficiently similar to the October robberies.[2] The trial court acted within its discretion when it determined that this Williams rule evidence was admissible. See Corinthian v. State, 761 So.2d 1180, 1180-81 (Fla. 4th DCA 2000) (finding no error in the admission of collateral crime evidence on the issue of identity because of the “numerous similarities between the collateral crimes admitted and the [robbery] for which [the defendant] was on trial”). The evidence was sufficiently similar to the charged crimes, relevant on the issues of modus operandi and identity, was not unduly prejudicial, and did not become a feature of the trial.
We also find no error in the trial court’s denial of the defendant’s motion to sever the three charged robbery offenses. A trial court’s ruling on a motion for severance is reviewed for an abuse of discretion. Williams v. State, 40 So.3d 89, 91 (Fla. 4th DCA 2010). The three robberies all occurred within a three-hour time span during the early morning hours in the northwestern area of Broward County. In addition to geographic and temporal proximity, the robberies were perpetrated in a similar manner, as described above. The trial court’s determination that the three robberies represent a crime spree is supported by the evidence and the law. See Bundy v. State, 455 So.2d 330, 345 (Fla.1984) (“In determining whether two acts or transactions are connected for purposes of consolidation, this Court has considered the temporal and geographical association, the nature of the crimes, and the manner in which they were committed.”) (citations omitted), abrogated on other grounds by Fenelon v. State, 594 So.2d 292 (Fla.1992); Stephens v. State, 863 So.2d 434, 436 (Fla. 4th DCA 2003) (explaining that offenses may be tried together as part of a crime spree when they share “temporal and geographical proximity, as well as a similarity between the offenses”); Rohan v. State, 696 So.2d 901, 903 (Fla. 4th DCA 1997) (concluding that two burglaries were committed during a “spree” where they were committed within a period of less than one hour when defendant forced his way into separate residences of two women and the crimes were not interrupted by a significant period of respite), abrogated on other grounds by State v. Smith, 840 So.2d 987 (Fla.2003).
Crossley v. State, 596 So.2d 447 (Fla.1992), cited by the defendant, is distinguishable. There, the Florida Supreme Court held that the trial court abused its discretion by refusing to sever a kidnapping and armed robbery that occurred at 3:00 in the afternoon from another armed robbery that occurred several hours later. The court reasoned that the crimes were very different (the first robbery occurred in a parking lot; the second one at a convenience store), the episodes were entirely independent, and there was no evidence that directly connected them.
Unlike Crossley, in this case each robbery was committed at a similar location and in a similar way. There was virtually no delay between the robberies; the first occurred within three hours of the last. Furthermore, the robberies were directly *958 connected because evidence showed that the defendants’ cell phones were used around the time of each robbery, and the calls originated near each robbery. The trial court reasonably concluded that the robberies were part of one unbroken and interconnected chain of events.
The cell phone evidence mentioned above is the subject of the defendant’s next point on appeal. The defendant argues that the trial court committed fundamental error in admitting phone records, retrieved without a warrant, which showed that the time and location where the defendant and a co-defendant made and received cell phone calls corresponded with the time and location of the robberies. Citing privacy concerns and Fourth Amendment protection, the defendant urges us to hold that this information, known as historical cell phone site information, should have been suppressed. However, the defendant acknowledges that we addressed this issue in Mitchell v. State, 25 So.3d 632 (Fla. 4th DCA 2009). In Mitchell, we held that “historical cell site information is not content-based. The user of a cell phone has no expectation of privacy in those records.” Id. at 635 (citing Smith v. Maryland, 442 U.S. 735, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979)). We went on to note that “because historical cell site information discloses only the defendant’s past location and does not pinpoint his current location in a private area, it does not implicate Fourth Amendment protections.” Id. (citing United States v. Knotts, 460 U.S. 276, 103 S.Ct. 1081, 75 L.Ed.2d 55 (1983)). We therefore find no error in the admission of the historical cell site information, even though the records were obtained without a warrant. See Tracey v. State, 69 So.3d 992, 1000 (Fla. 4th DCA 2011) (“[T]he exclusionary rule is not a remedy for violations of section 934.23.”).
Finally, we find no merit in the defendant’s argument that the trial court erred in giving a jury instruction on principals and in denying the defendant’s motion for judgment of acquittal on all counts.
Accordingly, we affirm the judgment and sentence.

Affirmed.

MAY, C.J., and CONNER, J., concur.

. Williams v. State, 110 So.2d 654 (Fla.1959).

. The trial court also held that the prior uncharged robbery was admissible because it was inextricably intertwined with the charged robberies. Although we disagree with the trial court’s ruling on this issue, we affirm because evidence of the prior uncharged robbery was permissible Williams rule evidence. See Curtis v. State, 748 So.2d 370, 372 (Fla. 4th DCA 2000) ("Even where a trial court’s stated reasons for ruling are erroneous, an appellate court will affirm if the result is right but for the wrong reason.”).