POLEN, J.
The defendant, Timothy Johnson, appeals his convictions for eight counts of robbery with a firearm. He was sentenced to life in prison on each count, to be served concurrently. We affirm on both issues raised by the defendant, and write to address only his argument that the trial court erred by admitting evidence of a collateral robbery at his trial.
In the early hours of September 4, 2007, two men robbed a CVS Pharmacy in Pompano Beach. One month later, on October 8, 2007, two men robbed three chain pharmacies in a single night — each occurring in the early morning hours in northwestern Broward County. The defendant and a codefendant, Deitrick Johnson, were arrested and both men were charged with eight counts of robbery with a firearm stemming from the four robberies. The codefendant was alleged to have physically committed the robberies inside the chain pharmacies while the defendant participated as a lookout.
Thereafter, the State filed a pre-trial motion in limine seeking a ruling on whether the September robbery was admissible as collateral crime evidence during the defendants’ trial for the October robberies. In Johnson v. State, 110 So.3d 954 (Fla. 4th DCA 2018), where we affirmed the codefendant’s convictions in his related case, we noted that during a hearing on the motion, the State presented evidence showing numerous similarities between the four robberies. Id. at 955. Upon hearing that evidence, the trial court granted the State’s motion, finding that evidence of the September robbery was admissible to prove material facts associated with the October robberies. Accordingly, the court denied the defendants’ motion to exclude Williams[1] rule evidence.
The defendant also moved to suppress confessions, admissions, and statements that he made during a taped interview with police. The court denied his motion, finding that his statements were freely and voluntarily made after a knowing and intelligent waiver of his rights. This evidence would later be used against him at trial. A jury ultimately found the defendant guilty of robbery with a firearm as charged on all eight counts, and this appeal followed.
The defendant argues that the trial court reversibly erred by admitting collateral crime evidence of the September robbery. We reject his argument because the evidence was sufficiently similar to the October robberies for which he was on trial, it was relevant, and it was not unduly prejudicial.
We review a trial court’s admission of collateral crime evidence, including Williams rule evidence, for an abuse of discretion. Pulcini v. State, 41 So.3d 338, 344 (Fla. 4th DCA 2010).
Similar-fact evidence, otherwise known as Williams rule evidence, is “admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, prepa *566 ration, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.” DeLuise v. State, 72 So.3d 248, 251 (Fla. 4th DCA 2011); § 90.404(2)(a), Fla. Stat. (2010). Prior to admitting evidence of the September robbery, “the trial court had to make two determinations: (1) whether the evidence is relevant or material to some aspect of the offense being tried, and (2) whether the probative value is substantially outweighed by any prejudice.” Alsfield v. State, 22 So.3d 619, 621 (Fla. 4th DCA 2009); see also §§ 90.402, 90.403, 90.404(2), Fla. Stat. (2010).
Here, the September robbery was relevant to prove the State’s contention that the defendant, by his own later admission, was there as a lookout — not by accident or mistake as he had originally maintained and the defense argued at trial. During the robbery, cell phone records indicated that he was in contact with the codefen-dant whose DNA linked him to the crime scene. Moreover, as we noted when rejecting the codefendant’s argument on this issue, based on the numerous similarities between the robberies, the trial court acted within its discretion when it determined that this Williams rule evidence was admissible. See Johnson, 110 So.3d at 956. “The evidence was sufficiently similar to the charged crimes, x-elevant on the issues of modus operandi and identity, was not unduly prejudicial, and did not become a feature of the trial.” Id.
Accordingly, we affirm the defendant’s convictions and sentence.

Affirmed.

DAMOORGIAN and LEVINE, JJ., concur.

. Williams v. State, 110 So.2d 654 (Fla.1959).