DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**LEAUSTIN BARNETT,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-2533

[November 12, 2014]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; William L. Roby, Judge; L.T. Case No. 432009CF001530A.

Carey Haughwout, Public Defender, and Narine N. Austin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals his conviction and sentence for first degree murder with a firearm and robbery with a firearm. He argues the trial court committed fundamental error in allowing *Williams*[1] rule evidence to become a feature of the trial, particularly in the State's closing argument. We disagree and affirm.

The information charged the defendant with first degree murder with a firearm while wearing a mask and robbery with a firearm. The State filed a notice of intent to introduce *Williams* rule evidence. The notice advised that the State intended to introduce evidence of a subsequent shooting in which the defendant used the same firearm. Shell casings found at the subsequent shooting matched shell casings found at the homicide location, and also matched live ammunition for the murder weapon found near the defendant's home.

---

[1] *Williams v. State,* 110 So. 2d 654 (Fla. 1959).

The State argued the *Williams* rule evidence was being offered to prove that the defendant possessed the murder weapon at the homicide and at the subsequent shooting, the weapon had been in the defendant's backpack, and it was found near his home. The weapon also matched live ammunition found in the defendant's yard.

The defendant argued that the evidence was not substantially similar and opposed its use at trial. He also argued the evidence would deprive him of a fair trial because it would improperly shift the focus of the trial to the *Williams* rule evidence.

The trial court found the evidence relevant to prove motive, intent, preparation, plan, knowledge, identity, absence of mistake or accident, and prior possession of the murder weapon. The court found the collateral crimes shared unique features to the homicide and went directly to the issue of lack of mistake or lack of intent on the defendant's part. The court admitted the proffered evidence.

On appeal, the defendant argues that too many witnesses testified about the *Williams* rule evidence, and it became a feature of the trial. Because the State's case was wholly circumstantial, he argues the jury would not have returned a guilty verdict without the *Williams* rule evidence.

The State responds that the *Williams* rule evidence was not a feature of the trial and its admission was not fundamental error. Only two out of thirty-six witnesses testified to the *Williams* rule evidence in a significant way. And, only nine out of thirty-six pages of the State's closing argument referenced the *Williams* rule evidence. The trial court also gave three cautionary instructions to the jury about the limited scope and purpose of the *Williams* rule evidence, twice during testimony and once at the time of closing.

We review a court's ruling on *Williams* rule evidence for an abuse of discretion. *Johnson v. State*, 112 So. 3d 564, 565 (Fla. 4th DCA 2013). However, a timely and specific objection must be made for a party to properly preserve an issue for appeal. *State v. Calvert*, 15 So. 3d 946, 948 (Fla. 4th DCA 2009).

The defendant admits that no timely and specific objection was made. He must therefore establish fundamental error in the trial court's ruling.

*Conahan v. State*, 118 So. 3d 718, 733 (Fla. 2013).[2]

Pursuant to section 90.404(2)(a), Florida Statutes:

> Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.

§ 90.404(2)(a), Fla. Stat. (2012). "Collateral crime evidence becomes an impermissible 'feature' where collateral act evidence 'overwhelms' evidence of the charged crime and becomes 'an impermissible attack on the defendant's character or propensity to commit crimes.'" *Grier v. State*, 27 So. 3d 97, 101 (Fla. 4th DCA 2009) (citations omitted).

We agree with the trial court that the *Williams* rule evidence was relevant to the homicide. The evidence consisted of testimony that a witness saw the defendant in possession of two firearms—a silver semi-automatic firearm and a black firearm—in a backpack prior to the homicide. Shell casings matching those firearms were not only found at the homicide location but also at the location of a shooting that occurred subsequent to the homicide. The victim of the subsequent shooting testified that the defendant and another individual were involved in his shooting and used a silver semi-automatic firearm and a black firearm. There was also testimony that the shell casings from the homicide and the subsequent shooting matched the live ammunition found at the defendant's home.

This evidence demonstrated the defendant's possession of the murder weapon both before and after the homicide. It linked the defendant to the commission of the homicide and established his motive. It did not become a feature of the trial. The trial court carefully instructed the jury on the proper consideration of the evidence. We find no error, much less fundamental error. The defendant's conviction and sentence are affirmed.

*Affirmed.*

STEVENSON and KLINGENSMITH, JJ., concur.

---

[2] The defendant did object once to *Williams* rule evidence of the gun holster; the court sustained that objection.

* * *

*Not final until disposition of timely filed motion for rehearing.*