DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DARNELL RAZZ,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-4115

[November 29, 2017]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jack S. Cox, Judge; L.T. Case No. 502011CF000223A.

Daniel P. Hyndman, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Darnell Razz was found guilty of two counts of first-degree murder and one count of robbery with a firearm while masked. He was sentenced to two consecutive terms of life in prison for the murder convictions concurrent to an additional life sentence for the robbery conviction. On appeal, Appellant raises six arguments. We affirm without discussion five of these arguments, and solely address Appellant's claim that the trial court erroneously permitted the prosecution to admit evidence of an unrelated shooting. As set forth below, we affirm on this issue, and we affirm the trial court's judgment and sentence.

**Background**

One evening in April 2010, two individuals wearing masks entered a Circle K convenience store. Within minutes, gun shots were heard, two store employees were dead, and a small amount of cash was stolen. Appellant and Robert Alvarez were eventually arrested and charged with the Circle K murders.

The State's primary witness at trial was M.G. She testified that on the

evening of the murders, Alvarez texted M.G. that he wanted a ride.  M.G. picked up Alvarez from an apartment complex, and at his request, she then drove to another apartment complex and picked up Appellant.  At Alvarez's continued direction, she proceeded to drive to a recreation center parking lot behind the Circle K, and then he and Appellant got out of the car.  When they returned after an uncertain amount of time (less than thirty minutes) they appeared "energized and uppity."  They urgently instructed M.G. to hurry up and leave.  She noticed that Appellant carried a "big, long gun" after he got back in the car, even though she had not seen him exit the car with the gun.

Eight days after the Circle K murders, on May 8, 2010, Appellant and another individual committed a robbery and attempted homicide on a different victim.  The victim survived and identified Appellant as the individual who shot at him.  Moreover, bullets from the shooting matched bullet fragments found at the Circle K.[1]  There was also testimony from additional witnesses pertaining to a separate incident that occurred twelve days after the Circle K murders.  The witness, a police officer, identified Appellant as the driver of a vehicle parked in an apartment complex.  Upon seeing the police officer, Appellant ran from the vehicle and was later detained.  During the chase to apprehend Appellant, another witness saw an individual matching Appellant's physical features throw a gun into the neighborhood lake.  One month later, law enforcement retrieved a handgun from the same lake and ballistics linked the handgun to the Circle K murders.  A bullet found lodged in the ceiling of the Circle K was determined to come from the same handgun retrieved from the lake.  The other gun used in the commission of the Circle K murders was never found.  Further linking Appellant and Alvarez to the guns was an acquaintance of Alvarez who testified that he sold Alvarez a handgun and a long gun prior to the murders.

Appellant and Alvarez were tried by jury and each were convicted of two counts of first degree murder and one count of robbery with a firearm while masked.  The trial court denied Appellant's motion for judgment of acquittal and entered final judgment consistent with the jury's verdict.

**Analysis**

Among the issues raised in Appellant's appeal is his assertion that the

---

[1] Appellant was convicted of attempted second degree murder with a firearm and robbery with a firearm for the May 8 incident.  His conviction and sixty-year prison sentence were affirmed on appeal.  *Razz v. State*, 197 So. 3d 54 (Fla. 4th DCA 2016).

2

trial court erred in admitting evidence of the May 8 shooting. The admission of collateral crime evidence is reviewed for an abuse of discretion. *McCray v. State*, 71 So. 3d 848, 876 (Fla. 2011). A trial court possesses wide discretion in determining the admissibility of evidence. *Jones v. State*, 963 So. 2d 180, 185 (Fla. 2007). "Discretion is abused only where no reasonable person would take the view adopted by the trial court." *Id.* The State may introduce evidence of a collateral crime "when it is relevant to prove a material fact in issue like identity, preparation, motive, intent, opportunity, plan, absence of mistake or accident, or knowledge." *Sims v. State*, 839 So. 2d 807, 810 (Fla. 4th 2003); *see also* § 90.404(2)(a), Fla. Stat. (2016).[2] However, even if the evidence is relevant, it is admissible only if its probative value is not substantially outweighed by the danger of unfair prejudice. § 90.403, Fla. Stat. (2016).

The State presented evidence of the bullet fragments and the victim's identification of Appellant as the perpetrator in the second shooting to link Appellant and the gun to the Circle K murder weapon. Appellant contends that the evidence was cumulative and unnecessary because the State also presented evidence that Appellant tossed the same gun linked to the original shooting in a lake. Furthermore, Appellant argues that the improper admission of collateral crime evidence creates a presumption of harmful error. The State counters and argues the trial court properly admitted evidence of the second shooting because the evidence pertaining to the bullet fragments was relevant to proving the elements of the original crime. The State relies on *Barnett v. State*, 151 So. 3d 61 (Fla. 4th DCA 2014), where the defendant was similarly charged with first degree murder with a firearm and robbery with a firearm. *Id.* at 62. In that case, we affirmed the trial court's admission of evidence of a subsequent shooting which linked the gun to the murder weapon used in the original crime. *Id.* at 63-64. The State notes how in *Barnett*, the evidence of the shooting was determined to be relevant because it linked the defendant to the commission of the homicide and established his motive.

We agree with the trial court that the evidence of the second shooting

---

[2] Section 90.404(2)(a), Florida Statutes (2016), states in its entirety:

> Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.

§ 90.404(2)(a), Fla. Stat. (2016).

was admissible. Although Appellant argues that evidence of the May 8 shooting was not necessary because there was additional evidence connecting his possession of the handgun to the Circle K murders, this argument does not have merit. The victim in the second shooting identified Appellant as the perpetrator who robbed and shot him, and the State used the bullet fragments found during the second shooting to connect the gun used by Appellant to the Circle K murders. The State used the evidence to help prove Appellant's participation in the Circle K murders because he possessed the murder weapon during the similar, second shooting that occurred only eight days later. This strong circumstantial evidence was relevant in identifying Appellant as one of the perpetrators who committed the Circle K murders.

Additionally, although Appellant attempts to distinguish *Barnett*, his arguments are misplaced. As in *Barnett*, the evidence of the collateral crime demonstrated the defendant's possession of the murder weapon after the homicide—"[i]t linked the defendant to the commission of the homicide and established his motive." *Id.* at 64. In both cases, the bullet casings from the second shooting matched the bullets from the scene of the murder(s) at issue at trial.

"So long as evidence of other crimes is relevant for any purpose the fact that it is prejudicial does not make it inadmissible. All evidence that points to a defendant's commission of a crime is prejudicial. The true test is relevancy." *Ashley v. State*, 265 So. 2d 685, 694 (Fla. 1972). Although Appellant contends that the evidence of the second shooting only speaks to his bad character, this evidence clearly has probative value in showing his possession of the murder weapon only eight days after the original crime, and was a significant piece of the puzzle linking Appellant to the weapons used in the Circle K murders. The fact that the State had other relevant evidence, such as eyewitnesses who saw someone with Appellant's physical attributes throw a gun into the lake where one of the murder weapons was later found, as well as M.G.'s testimony, does not diminish the relevance and probative value of the May 8 shooting.

"'Collateral crime evidence becomes an impermissible 'feature' where collateral act evidence 'overwhelms' evidence of the charged crime and becomes 'an impermissible attack on the defendant's character or propensity to commit crimes.'" *Barnett*, 151 So. 3d at 63 (quoting *Grier v. State*, 27 So. 3d 97, 101 (Fla. 4th DCA 2009)). Here, as in *Barnett*, "[t]he trial court carefully instructed the jury on the proper consideration of the evidence." *Id.* at 64. The jury was advised to only consider the second shooting as pertaining to the issues of "possession of a firearm in this case and identity of the defendant."

4

## Conclusion

In April 2010, a convenience store was robbed and two employees were murdered by two masked men. The two murderers and their victims were the only individuals who were present during this terribly tragic event. The State relied upon witness evidence placing Appellant at the scene of the murders, as well as other evidence identifying Appellant as being in possession of one of the murder weapons twice in the two weeks following these murders. This evidence was relevant for the State to properly make its case, without crossing the line and being utilized to establish Appellant's bad character. Appellant's conviction and sentence are affirmed.

*Affirmed.*

CONNER and KLINGENSMITH, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

5